No. 71.—DUNCAN L. NICHOLSON and Wife, plaintiffs in error, *vs.*
BENJAMIN E. SPENCER, defendant in error.

[1.] A guardian in this State, of the person and property of an infant ward,
has the same right to judge as to what are necessaries for his ward, accord-
ing to her estate and position in society, that a parent has for his child.

[2.] Whenever it appears that such infant ward has a guardian, who has
furnished her with such necessaries, as in his judgment he regards ample
and proper for her support, according to her age and condition, a trades-
man who seeks to recover the price of a bill of articles, furnished such in-
fant ward, in *addition* to those furnished by her guardian, must shew, to the
satisfaction of the Jury, what is the estate and condition of such infant
ward; and must also shew what particular articles of necessity the guardi-
an has furnished for his ward; and that the same are *not sufficient* for her
support and maintainance, according to her estate and position in society;
and that the *additional* articles, so furnished by him, *were necessary* for such
support and maintainance. In such a case, the burden of proof is on
the plaintiff, and not on the defendant.

Debt, in Stewart Superior Court. Tried before Judge IVERSON,
April Term, 1852.

Benjamin E. Spencer brought suit. against Duncan L. Nichol-
son, and Mary A., his wife, upon a merchants's account for
goods &c., furnished Mrs. Nicholson before marriage, and when
she was an infant. The defendants pleaded that Mrs. Nichol-
son was furnished with ample necessaries by her guardian, and
the articles charged were not necessaries.

The plaintiffs proved that the articles were furnished; that the
infant had a considerable estate, and that the articles were such
as were usually furnished young ladies of fortune. Isaac W.
Stokes, one of the plaintiff's witnesses, who was a merchant,
states that he could not say all the articles charged in the account
were *necessaries*; that he considered some of them extravagant,
even for young ladies of property. The defendants proved by
the guardian, that " he furnished her with what he regarded
ample and proper for her support, agreeable to her age and con-
dition."

The presiding Judge charged the Jury, "that a guardian had not the same right to judge what were necessaries for his ward, that a parent had for his child." To which charge defendants excepted.

The Court also charged, "that in the opinion of the Court, it was not sufficiently proven that the guardian had furnished the ward with necessaries, suitable to her age and condition, inasmuch as he had not specified the amounts furnished, and what character of articles were furnished; but that the Jury were the proper judges of what were necessary and proper and suitable to her station and condition in life, and that the defendants should show what he did furnish, and let the Jury decide." To which charge defendants excepted.

The Jury found a verdict for the plaintiff; whereupon the defendants moved for a new trial, on the ground of error in the Court, in charging as above specified, and that the verdict was contrary to law and evidence. The rule *nisi* was granted, returnable at the next term. At the next term the motion was continued; and at the next term thereafter, viz., April Term, 1852, when the same came on to be heard, counsel for the motion moved to amend the rule, by adding the following grounds:

1. That Mary A. Nicholson was, at the time of the commencement of this suit, an infant within the age of twenty-one years.

2. The discovery of new and material evidence, since the trial, viz: that Sarah Howel furnished said Mary A. Nicholson, with a considerable amount of clothing and other necessaries, in addition to those furnished by her guardian, as proven at the trial.

This last ground was supported by the affidavit of Duncan L. Nicholson.

The Court held, that the rule *nisi* could not be amended, and this decision is assigned as error.

On hearing the original motion for a new trial, the Court refused to make the rule absolute. And to this decision defendants excepted.

And upon these several exceptions, error has been assigned.

Nicholson and Wife *vs.* Spencer.

John A. Tucker, for plaintiff in error.

B. K. Harrison, for defendant in error.

*By the Court.*—Warner, J. delivering the opinion.

This is an action brought against the defendant and his wife, on a merchant's account, for goods furnished to the wife before her marriage, and while she was an infant under twenty-one years of age.

The defence set up is, that at the time the goods were furnished by the plaintiff to the defendant's wife, she had a guardian, who furnished her with such *necessaries,* &c., as were suitable to her rank and condition in life.   At the trial, after the evidence had closed, the Court instructed the Jury " that a guardian had not the same right to judge what were necessaries for his ward, that a parent had for his child; and that in the opinion of the Court, it was not sufficiently proved, that the guardian had furnished his ward with necessaries, suitable to her age and condition : inasmuch as he had not specified the amounts furnished, and what character of articles were furnished; that the Jury were the proper judges of what was necessary and proper and suitable to her station and condition in life; and that the *defendant should shew* what he did furnish, and let the Jury decide." Whereupon, the defendant excepted to said charge of the Court, and now assigns the same for error here.

[1.] This being a question of much *practical* importance, we have given to it our best consideration, in order that the principles of law which govern transactions between infants and tradesmen, may be understood.   The first proposition which the Court below asserted in its charge to the Jury, is, that a guardian of an infant has not the same right to judge what are *necessaries* for his ward, that a parent has for his child.   Who is a guardian, as contemplated by our law ?   A guardian of *the person* is one who has been lawfully invested with the care of the person of an infant, whose father is dead, and is considered as standing in the *place of the father*.   A guardian of *the estate* is one who has

been lawfully invested with the power of taking care and managing the estate of an infant.   1 *Bouvier's Law Dictionary,* 616. It is most usual in this State, to appoint the same individual, guardian of both the *person* and *property* of the infant, and such we take the guardian of the defendant's wife to have been.

What are the legal duties of parents to their children ?   The duties of parents to their children, principally, consists in these particulars :  their maintenance, their protection, and their education. 1 *Bl. Com.* 446.   The same author, in speaking of the private relation of guardian and ward, says that it bears a very near resemblance to that of parent and child ;  the guardian being only a *temporary parent,* that is, for so long a time  as the ward is an *infant,* or under age.   1 *Bl. Com.* 459.   " The power and reciprocal duty of a guardian and ward, (*says Blackstone, Ibid,* 462) is the same *pro tempore* as that of a *father* and *child,* and therefore, I shall not repeat them."   By our own Act of 18th of February, 1799, all guardians are allowed in their accounts, to charge all *reasonable* disbursements and expenses, *suitable to the circumstances* of the orphan committed to their care.   *Prince,* 232.

In view then, of the position which a guardian occupies towards his ward, under the law, and the duties and responsibilities which are necessarily devolved upon him, we hold that such guardian of the person and property of his infant ward has the same right to judge what are *necessaries,* according to his or her estate and condition in life, that a parent has.

[2.] What are to be considered *necessaries,* in the legal acceptation of that term ?

Necessaries are such things as are useful and *suitable to the party's state* and *condition in life,* and not merely such as are requisite for bare *subsistence.*   *Peters vs. Fleming,* 6 *Meson and Welsby's Rep.* 46.   Such articles of costly apparel, as might be considered necessary for the son or daughter of a *millionaire,* would not be so considered, for the son or daughter of one whose pecuniary circumstances were *small* and *limited.*

The Court in its charge to the Jury, assumed the proposition that it was incumbent on the defendant to shew, that the guar-

dian of his wife had furnished her with the necessary clothing, &c., by specifying the *particular articles* which he did furnish, so that the Jury might judge thereof. We think the Court erred in its views of the law, applicable to this class of cases. It is made *the duty* of the parent or guardian, as we have already shewn, to provide for the maintainance, protection, and education of their children and infant wards; and the presumption of the law is, that they have respectively done so, according to their circumstances and condition in life. The general rule of law is, that when a person is required to do a certain act, the omission of which would make him guilty of a culpable neglect of duty, it ought to be intended that he has performed it, unless the contrary be shewn. *Hartwell vs. Root,* 19 *John. Rep.* 345. The law presumes that every man, in his private and official character, does his duty, until the contrary is shewn. *Bank United States vs. Dandridge,* 6 *Cond. Rep. Supreme Court U. States,* 445.

It is also a general rule of law, that when a tradesman furnishes an infant with goods on credit, it is incumbent on *him* to shew that the articles furnished were *necessaries,* according to the circumstances and condition in life of such infant, before he can recover the price of the goods so furnished. Parents and guardians are the best judges, as to what are necessaries for their children and wards; and whenever a tradesman furnishes them with articles, in *addition* to what their parents and guardians have provided them, it is incumbent on such tradesman, to shew a *necessity* therefor, to entitle him to recover the price of the articles so furnished. The tradesman trusts the infant at his peril. 2 *Kent's Com.* 239. *Van Vaulkenburgh vs. Watson,* 13 *John. Rep.* 480. *Ford vs. Fothergill,* 1 *Espinasse Rep.* 211. *Bainbridge vs. Pickering,* 2 *W. Blackstone's Rep.* 1325. *Cook vs. Deaton,* 14 *Eng. Com. Law Rep.* 232. *Connally vs. Hull,* 3 *McCord's Rep.* 6. *Mortara vs. Hall,* 6 *Simon's Rep.* 465.

In *Ford vs. Fothergill,* the plaintiff brought an action against the defendant for a coat, waistcoat, and two pair of breeches, which were ordered to be sent to the Grecian Coffee House. Lord *Kenyon,* Ch. Justice, said, " Nothing is clearer in the law,

than that an infant cannot contract a debt, except for *necessaries.*
It is absolutely necessary he should have the power of making
*that* contract, otherwise he would starve. As to the plaintiff not
knowing his fortune, it is no excuse ; it was *incumbent on him to
inquire into that,* and to *prove it to the Jury.* Whether he was
living with his father or not, the person who dealt with him, was
*bound to inquire and know who he was.* He was living at a Coffee
House, itself no mark of a wary disposition ; the plaintiff should
have inquired there, and gone to his father and inquired of him,
whether he was in want of these clothes."

In *Bainbridge vs. Pickering,* the action was brought to recover
the price of certain feathered caps, and other ornamental ap-
parel furnished a young lady by a milliner. In that case, the
Court, by *Gould,* Judge, said : " If an infant *lives with her parent,*
who provides such apparel as appears to the parent to be proper,
so that the child is not left destitute of clothes or other real
necessaries of life, I apprehend that the child cannot bind her-
self to a stranger, even for what might otherwise be allowed as
necessaries, for no man shall take upon him, to dictate to a parent
*what clothing* the child shall wear ; at what time they shall be
purchased, or *of whom.* All that must be left to the *discretion*
of the father or mother. And as there is not here any pretence
but that the child was decently provided for by the mother, I
think we should give no countenance to *such persons as inveigle
young women into extravagance,* under the pretext of furnishing
them with *necessaries,* without the previous *consent of the
parent.*"

In *Connally vs. Hull,* it was held that an infant who lives with,
and is properly maintained by her parents, cannot bind herself
to a stranger for necessaries ; and when daughters lived with
their mother, it *must be presumed* they were *properly maintained by
their parent, until the contrary be proved ;* for the mother being
the best judge of what is necessary for them, should be consult-
ed before credit be given them. In *Van Vaulkenburgh vs. Wat-
son,* it was held to be the duty of the parent, to furnish necessa-
ries for his infant children, and if he neglect that duty, and any
other person furnishes such necessaries, he is deemed to have

conferred a benefit on the delinquent parent, for which the law raises an implied promise on the part of the parent to pay; but what is *actually necessary*, will depend on the *precise situation of the infant*, and which the *party giving the credit must be acquainted with, at his peril.*

In *Cook vs. Deaton*, the Court held that if proper clothes are supplied to an infant by his father, any others furnished *in addition*, cannot be considered as *necessaries;* and it is the duty of the tradesman, when applied to by an infant for clothes, to make *inquiries of his friends before he gives him credit.*

In *Mantaru vs. Hall*, it was held that when an infant has an allowance made to him for his support *by his guardian*, a tradesman is not entitled to be paid for articles supplied to the infant *on credit*, unless he can make out, that having regard to the infant's circumstances and station, *which he is bound to inquire into*, the articles were *necessaries.* In the case under consideration, the record does not disclose whether the defendant's wife *was living with her guardian or not*, at the time the articles in the account were furnished by the plaintiff; but the record does shew, that she had a guardian at *that time*, and that he furnished her " with what he regarded *ample and proper for her support, agreeable to her age and condition.*" The Court however, instructed the Jury, that in was *incumbent on the defendant* to shew by evidence, what particular articles were furnished by her guardian to his wife, so that the Jury might judge whether she was furnished with *necessaries* suitable to her estate and condition. So far from it being incumbent *on the defendant* to shew by evidence what particular articles were furnished his wife before marriage, by her guardian, in order to defeat the plaintiff's recovery, the reverse of that proposition is true; as we have already shewn by the authorities. To entitle the plaintiff to recover the price of the articles furnished the infant ward before her marriage, according to the facts disclosed by the record in this case, it was *incumbent on him*, to shew by evidence, what was her estate and condition, and what particular articles of clothing, &c., the guardian did furnish her, so that the Jury might judge whether she was furnished with *necessaries*, accord-

ing to her estate and position in society; for the plaintiff's right to recover, depends on the fact, that *she was not so furnished*, and that the articles which he did furnish, in addition to those furnished by her guardian, were *necessary* for her *proper* support and maintainance, according to the value of her estate, and her position in society, in the community in which she lived. The only evidence introduced by the plaintiff, to shew that the articles in the bill of particulars were *necessaries*, is contained in the testimony of Isaac W. Stokes, who stated " that the articles were generally such as young ladies of property used in dressing." The same witness also stated, that " he could not say all the things charged in the account were *necessaries*, for he considered some of the articles charged, are *extravagant, even for young ladies of property.*"

The burden of proving the issue of necessaries furnished an infant, is on the plaintiff. 2 *Greenleaf's Ev.* §364. Our judgment in this case, must of course, be restricted to the state of facts disclosed in the record before us; and in reference thereto, we assert and maintain the following propositions: that a guardian of the person and property of an infant ward, has the same right to judge as to what are *necessaries* for his ward, according to her estate and position in society, that a parent has for his child; that when it appears that such infant ward has a guardian who has furnished her with such *necessaries* as in his judgment, he regarded ample and proper for her support, according to her age and condition, a tradesman who seeks to recover the price of a bill of articles furnished such infant ward, in *addition* to those furnished by her guardian, must shew to the satisfaction of the Jury, what is the estate and condition of such infant ward, and must also shew what particular articles of necessity the guardian has furnished for his ward, and that the same are *not sufficient* for her support and maintainance, according to her estate and position in society; and that the *additional* articles so furnished by him, were *necessary* for such support and maintainance. In such a case, burden of the proof is on *the plaintiff* and not on *the defendant*. Let the judgment of the Court below be reversed.