No. 59.—BENJAMIN O. KEATON, plaintiff in error, vs. JESSE M. DAVIS, defendant in error.

[1.] It is not a good objection to the depositions of a witness, testifying to services rendered and articles furnished, which have been entered in a book kept for the purpose, that he does not produce such book, or furnish a list of the items when required so to do, if he state that the book has been lost or destroyed.

[2.] K paid an account for medical services rendered by a physician to the son of D, and brought an action against D for the money : *Held*, that before he was entitled to recover, he should have proved, either that the exigencies of the case made it proper that he should call in the physician and settle with him, or that he had been specially requested so to do by the parent.

Assumpsit, &c. in Dougherty Superior Court. Tried before Judge PERKINS, June Term, 1855.

Jesse M. Davis sued Benjamin O. Keaton for fifty *dollars,* as money paid out for him, viz: in paying for medical services rendered to the son of Keaton, boarding with Davis.

Upon the trial, plaintiff below offered the depositions of the physician, proving the amount paid and the services rendered. He stated: "I cannot attach the account, as then made, in separate items; I cannot find my account of it as then made; I suppose it has been destroyed, as most of my other papers have been relating to my business done in Georgia." Defendant's Counsel objected to this evidence, because the witness' books were not produced, nor an account of the items attached. The Court admitted the evidence, and defendant excepted.

The plaintiff did not prove any specific request by the defendant, to him, to pay this debt. Defendant's Counsel moved for a non-suit on this ground. The Court refused the motion, and defendant excepted.

On these exceptions error is assigned.

H. MORGAN, for plaintiff in error.

SULLIVAN for VASON & DAVIS, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The first objection made in this case, is sufficiently answered by the statement of the witness, that his book or memorandum of the account had been destroyed, as he supposed; and, therefore, he could not produce it, or append a list of the items.

[2.] The next objection has more force. According to the petition, the amount sued for was paid for medicine, medical services, &c. supplied by Dr. Dunton to the son of the plain-

Keaton *vs.* Davis.

tiff in error.   It appears that this son was boarding with the
defendant in error, and was seized with illness while there,
which made the attendance of a physician proper ; that the
defendant in error called in this physician and paid this
his bill.   No proof was adduced, that this young man was a
minor, under the care of the defendant in error ; or that his
parents were not near him, or that they had not made any
provision for him in this respect ; or that the exigency of the
case was such that it was reasonable and proper that, under
the circumstances, this physician should have been called in by
the defendant in error to the young man, and the bill paid by
him.   In such case the law would have implied a promise to
pay.   But in the absence of any such evidence, and of any
proof in the Court below, of any request having been made
by Keaton, the plaintiff in error, that the defendant in error
should pay this debt for him, or that Keaton had ever pro-
mised to pay the same, we think that it was error in the
Court to permit a recovery against the plaintiff in error.

For any thing that appears in the case, the plaintiff in er-
ror may have had a cross demand against this physician, and
he may have looked to this indebtedness as his only prospect
of satisfaction, in whole or in part.   In such case, even though
the charges made by the physician be undoubtedly reasona-
ble, still, injustice may be done to the plaintiff in error, if
he be compelled to pay the physician's demand by the unau-
thorized interference of the defendant in error.   Hence, it
is just, as well as legal, that the latter should show either
that the circumstances of the case made it proper that he
should call in this physician, and pay him, as he did, or that
he was specially requested so to do by the the plaintiff in er-
ror.

Let the judgment be reversed.