OLIVER *vs.* McDUFFIE.

1. An action for or against an infant should be prosecuted or defended in their own name, and they should in all cases appear by guardian.
2. If an infant be liable on a contract for necessaries, he is suable at law, and there is no need of resorting to equity.
3. Whether an account for necessaries be contracted before or after the appointment of a guardian, can make no difference as to the forum where suit is to be brought.

Demurrer in Marion. Decided by Judge WORRILL, March Term, 1859.

Oliver vs. McDuffie.

Thaddeus Oliver filed his bill to the February Term, 1855, of Marion Superior Court, against George W. McDuffie. The bill stated that during the year 1850 the complainant followed the business of school teaching, and taught and instructed Isabella Everingham and Mary Everingham, orphans of Lewis Everingham; that their tuition amounted to the sum of forty-four dollars and eight cents; that subsequently the defendant, by the ordinary of said county, was appointed guardian for these minors, and, as such guardian, received into his possession about three thousand dollars; that the defendant, since his appointment, had often admitted the justice and correctness of the account, but refused to pay it, because the services were rendered prior to the appointment.

The defendant demurred to the bill on two grounds:

1st. Because there was no equity in the bill.

2d. Because the case made by the bill showed that the complainant had a clear, complete and adequate remedy at law.

The court sustained the demurrer and dismissed the bill; and complainant excepted and now assigns the same for error.

BLANDFORD & CRAWFORD, for plaintiff in error.

G. O. DAVIS, contra.

Judge STEPHENS absent.

By the Court.—LUMPKIN, J., delivering the opinion.

Was the court right in dismissing this bill upon the ground that the complainant had an ample and adequate remedy at law?

The learned judge, in the very able able opinion which he has sent up with the record in this case, has established these propositions conclusively; than an infant may

bind himself for necessaries, and that education is a necessary (McPherson on infants, 498; Rolf vs. Rolf, 15 Ga. Rep., 457); and that an action at law can be maintained against an infant for necessaries. In the case of Nichols and wife vs. Welborn, (13 Ga. Rep., 467,) this court said: "An infant may make a valid contract for necessaries; and if she can contract, she can be sued on that contract." That a suit against an infant must be brought against him in his own proper person, and he will defend by his duly appointed guardian, if he have one; otherwise by a guardian *ad litem* to be appointed by the court.—2 Johns, 192. The order for the admission of the guardian to defend the suit should be before plea. If the infant fail or refuse to appear and move for a guardian, the court, at the instance of the plaintiff, will appoint one for him. Tidd Pr. 79; 7 Taunton, 488. And a similar order may be obtained by the plaintiff where the infant defendant does not appear at all.

The infant then being suable at law for his tuition, why then resort to equity? It is argued that a judgment at law could not be enforced. Why not? It is against the infant, and the title to his property being in him and not in his guardian, why should not the lien of the judgment attach?

As to the circumstance that the services were rendered before the appointment of the guardian, what difference can that make? If it be an objection at law, it is equally so in equity. It makes no difference in either case whether the services were rendered before or after the guardian was appointed.

Judgment affirmed.