## KARNEY *v.* VALE.

GUARDIAN AND WARD.—*Ward's Expense Money.*—A guardian should be permitted to exercise some discretion in the matter of allowing small sums of money to his ward for personal expenses; and where the guardian of a girl, whose whole estate in his hands amounted to one hundred and seventy dollars, advanced to her during the period of about six years and a half, while she was between eleven and eighteen years of age the whole of said amount in sums of five dollars at a time;

*Held,* that there was no abuse of discretion on the part of the guardian, though during said period said ward was gratuitously furnished by her relatives with the actual necessaries of life in the matters of boarding, clothing and schooling.

From the Marion Circuit Court.

*G. K. Perrin*, for appellant.

*J. N. Scott*, for appellee.

PERKINS, C. J.—Suit by the appellee, against the ap-

pellant, for a review and correction of the reports and settlements, including the final settlement, with the probate court of the former, as guardian of the person and estate of the latter.

The complaint was in two paragraphs.

The answer was the general denial.

The cause was tried by the court, by consent. Finding of the existence of errors of law in the settlements, and the reversal and setting aside of the latter; whereupon the court, under section 591 of the code of practice, 2 R. S. 1876, p. 249, proceeded to modify the settlements adjudged to be legal by the probate court, so as to render them conformable to the court's view of the law.

The section of the statute is as follows:

" Upon the hearing, the court may reverse or affirm the judgment, in whole or in part, or modify the same, as the justice of the case may require, and award costs according to the rule prescribed for the awarding of costs in the Supreme Conrt, on appeal."

A motion for a new trial, assigning for causes, that the finding and the judgment were unsustained by evidence, and were contrary to law, was overruled, and this action of the circuit court is the only error assigned in this court.

It appeared generally that the ward was boarded, clothed and schooled, during the continuance of the guardianship, by her relatives, but the particulars as to the supplies furnished the ward by them are not given.

The following is the list of the sums paid to the ward by the guardian, with the dates of payment:

April 5th, 1864, $5.00; December 3d, 1865, $5.00; July 2d, 1866, $5.00; October 2d, 1866, $5.00; March 17th, 1867, $5.00; July 5th, 1867, $5.00; July 21st, 1867, $5.00; November 2d, 1867, $5.00; November 16th, 1867, $5.00; November 10th, 1868, $5.00; February 16th, 1869, $5.00; April 13th, 1869, $5.00; May 12th, 1869, $5.00; June 28th, 1869, $5.00; July 23d, 1869, $5.00; August 25th, 1869,

$5.00; September 22d, 1869, $5.00; October 18th, 1869, $5.00; November 18th, 1869, $5.00; December 10th, 1869, $5.00; December 22d, 1869, $5.00; January 15th, 1870, $5.00; February 19th, 1870, $5.00; March 10th, 1870, $5.00; March 29th, 1870, $5.00; April 22d, 1870, $5.00; May 21st, 1870, $5.00; June 18th, 1870, $5.00; July 2d, 1870, $5.00; July 23d, 1870, $5.00; August 25th, 1870, $5.00; September 19th, 1870, $5.00; October 17th, 1870, $5.00; November 12th, 1870, $5.00.

These payments amount to the sum of one hundred and seventy dollars, and exhausted the entire estate of the ward, who was then between seventeen and eighteen years of age.

Upon the hearing of the cause, the circuit court adjudged, that the guardian should pay, a second time, to his ward, the plaintiff in this case, the sum of one hundred and forty dollars and forty-six cents. All the facts and evidence upon which the court made its finding and judgment are before this court.

The circuit court held, that it was error of law in the probate court to allow the guardian credit for his payments to the ward.

This case has received much consideration, and the court has finally concluded, that the judgment of the circuit court shall be reversed, and the judgment of the probate court, allowing the guardian credit for the payments above set out to his ward, affirmed.

Conceding that the relatives of the ward gave what was actually necessary for her to eat and to wear, and certainly nothing further is shown, we think a girl between the ages of twelve and eighteen years might properly be allowed some small sums of money for personal expenses; what, in short, may be called ward pin-money. She might reasonably, perhaps, have been entitled to some articles of apparel beyond those gratuitously furnished her by her relatives.

We think a guardian should be permitted to exercise

some discretion in these matters. Here, the guardian advanced to his ward, in a period of six years and a half, one hundred and seventy dollars, averaging about twenty-eight dollars a year, while the ward was between the ages of eleven and eighteen years. We do not think an abuse of discretion was shown. It has been said, that a guardian has the same right to judge as to what are necessaries, considering the estate and social position of his ward, that a parent has for his own child. Schouler Domestic Relations 456; *Nicholson* v. *Spencer*, 11 Ga. 607. It is not necessary, in this case, that we go that far.

The judgment of the circuit court is reversed, with costs, and the settlement with the probate (common pleas) court affirmed.