## HUMPHREYS *v.* BUSH.

1. An allegation that a husband and father failed to supply his wife and daughter with necessaries, and that they were furnished by the plaintiff at the request of the wife and mother, set forth a cause of action under the Civil Code, §§ 2477, 2469.
2. If the petition fails to show that the child was under twenty-one years of age, the defendant must take advantage thereof by plea, and not by special demurrer filed after the appearance term.
3. The plaintiff is not required in his petition to negative facts which the defendant may set up by way of defense under the Civil Code, § 2478.

Submitted June 20, — Decided August 14, 1903.

Complaint.    Before Judge Reid.    City court of Atlanta.    November 1, 1902.

The defendant demurred on the grounds, that the petition does not set out a cause of action; that it does not allege that he refused to pay the sums of money set out in it; that it states no sufficient facts which show that he neglected and refused to support his wife and child; that, for aught that appears, he may have been willing to support them at home, though not while they were away from him; and that it does not appear that there was any request from him to board and clothe them, etc.    An amendment adding special grounds of demurrer, offered after the first term, was disallowed on the ground that it was tendered too late; the demurrer was overruled; and to these rulings the defendant excepted.

*O. E. & M. C. Horton*, for plaintiff in error.
*Alexander & Powers*, contra.

LAMAR, J.    Bush sued Humphreys for $813, for board, clothing, medical attention, and other necessaries furnished the wife and daughter of the defendant from 1897 to 1901, alleging that they were necessaries suitable to their condition and habits of life, and that the defendant had " failed and neglected to provide either his

wife or child with board, clothing, medicine, medical attention, or other necessaries, which duty was performed by petitioner at the special instance and request of " the wife for herself and child. Under the Civil Code, §§ 2478, 2469, the petition set out a cause of action, and was good as against a general demurrer filed at the first term.    It was too late thereafter to file special demurrers which did not go to the right of the plaintiff to recover, but only attacked the petition for defects in form.    If the child was more than twenty-one years old, or if the husband, under the Civil Code, § 2478, had given notice not to furnish the necessaries, the defendant must take advantage thereof by plea.    *South Carolina R. Co.* v. *Augusta R. Co.*, 111 *Ga.* 425 ; *Calhoun* v. *Mosley*, 114 *Ga.* 641 (2) ; Civil Code, §§ 5045, 5046.

*Judgment affirmed.    By five Justices.*