## MAULDIN *v.* SOUTHERN SHORTHAND & BUSINESS UNIVERSITY.

In order to determine the question whether or not the contract of an infant for a course in stenography was a contract for necessaries, in the sense in which the term "necessaries" is used to render the contract binding upon such infant, the evidence in the case should show the state, degree, and condition in life in which the infant is whose contract is under consideration; and it should also affirmatively appear that the parents or guardian of such infant failed or refused to furnish the alleged necessary. The evidence in this case, upon which this issue was submitted to the jury, failed to show these particular facts and circumstances. There being, therefore, nothing in the evidence submitted upon which the jury in the justice's court could predicate a verdict finding that the contract was for necessaries, it was error for the superior court judge to deny the writ of certiorari.

Argued May 24,—Decided November 12, 1906.

Petition for certiorari. Before Judge Pendleton. Fulton superior court. October 17, 1905.

*Payne, Jones & Jones,* for plaintiff.

BECK, J. Mauldin sued the Southern Shorthand and Business University in a justice's court, for $35 paid to the defendant under an alleged voidable contract. The case was appealed to a jury in the justice's court, and tried upon the following agreed statement of facts: On January 5, 1905, plaintiff, a minor, in pursuance of a contract made with defendant, entered upon a three months' course of stenography, for which defendant was paid by the plaintiff the sum of $35, giving a receipt therefor to plaintiff in her own name. On January 10, 1905, plaintiff was compelled to abandon said course of stenography, and thereupon demanded the return of said $35, which was refused. In addition to this agreed statement of facts, the defendant introduced a witness who testified that "said $35 was paid by the uncle of plaintiff, and that the receipt was made out in her name, in accordance with the custom of the school." It was agreed by counsel for both parties to submit the cause to the jury upon the issue whether or not, under all the facts and circumstances in the case, the contract entered into between said parties was a contract for necessaries; and that the verdict should depend upon the determination of said issue. The jury returned a verdict for the defendant. The plaintiff presented to the judge of the superior court her petition for the writ of cer-

tiorari. Sanction of the same was refused, and the plaintiff excepted.

1. This case was submitted to the jury in the justice's court upon an agreed statement of facts, and under an agreement still further limiting the jury in their field of investigation. The issue submitted to the jury was narrowed down to the question whether or not, under all the facts and circumstances in the case, the contract entered into between the parties for a course in stenography was a contract for necessaries, the verdict depending upon the determination of said issue. Evidently the jury found that the question submitted should be answered in the affirmative, and returned a verdict for the defendant.

Under our law, the contract was void, being a contract of an infant, unless it was one for necessaries. What may be included in the term "necessaries" is a question upon which the authorities are not entirely harmonious. But certainly the term is not so limited as to include only what is necessary to the actual support of life, and it is usually held to be sufficiently extensive to include "articles fit to maintain a particular person in the state, station, and degree in life in which he is, so that things may be necessary for one person which would not be necessary for another in a different station in life." Clark on Contracts (2d ed.), 156. "Necessaries" are defined by Mr. Greenleaf to be, "such things as are useful and suitable to the party's state and condition in life, and not merely such as are requisite for bare existence." *Rolfe* v. *Rolfe, 15 Ga.* 451; *Oliver* v. *McDuffie, 28 Ga.* 522. It has been held that a common school education, but not a college education, was a necessary. Middlebury College *v.* Chandler, 16 Vt. 686 (42 Am. Dec. 537). The term has been extended to include a board bill contracted by an infant to enable him to attend school. Kilgore *v.* Rich, 83 Me. 305 (12 L. R. A. 859). While, on the other hand, it has been held that a professional education was not a necessary. Turner *v.* Gaither, 83 N. C. 357. But there are many branches of learning in which instruction might be highly useful and advantageous which are not included either in a college or professional education (which most authorities hold not to be a necessary), nor in a common school education (which according to nearly all of the authorities is a necessary) ; and in those branches of learning, in most cases, it will be found that whether instruction is a necessary or

not is a question depending upon the facts and circumstances of the particular case which go to show the state, degree, and condition of life in which the infant is, the validity of whose contract may be under consideration. And such we consider the science or art of stenography. Whether a course in that branch of learning would be a necessary to a young lady seventeen years of age would depend entirely upon that particular infant's condition in life, and the particular sphere in society or calling in life which her previous education and attainments had prepared and fitted her to occupy or fill. As was said by Warner, J., in the case of *Nicholson* v. *Spencer,* 11 *Ga.* 611, "It is made *the duty* of the parent or guardian, as we have already shewn, to provide for the maintenance, protection, and education of their children and infant wards; and the presumption of law is, that they have respectively done so, according to their circumstances and condition in life. The general rule of law is, that when a person is required to do a certain act, the omission of which would make him guilty of a culpable neglect of duty, it ought to be intended that he has performed it, unless the contrary be shewn." So when this case was submitted to the jury, before the defendant could successfully overcome the presumption that the plaintiff's parents or guardian had cared for the plaintiff's instruction and teaching in those branches of education which might be necessary to her in her condition in life, it would have to appear, by evidence, that the course in stenography, to secure which the plaintiff had paid the defendant the sum of $35, was necessary, under the facts and circumstances of the case, taking into consideration all those branches of education in which the plaintiff's parents or guardian had provided for her instruction. In the absence of such evidence neither a jury nor court would be authorized to find or hold that the parents or guardian had not fulfilled their obligation to the infant to have her properly instructed, nor that the acquisition of this particular art or science,—that is the art or science of stenography,—was a necessary. Without any evidence of the kind indicated, the jury in this case made their finding; and it must be set aside.

*Judgment reversed. All the Justices concur.*