### 4392.  McLEAN *v.* JACKSON.

A dentist may recover of a minor the value of dental services shown to have been necessary for the preservation of the minor's health.

DECIDED DECEMBER 21, 1912.

Certiorari; from Bibb superior court—Judge Harris. July 23, 1912.

*Napier & Maynard,* for plaintiff in error.  *L. D. Moore,* contra.

POTTLE, J.  Our statute provides that "contracts of an infant under twenty-one years of age are void, except for necessaries; and for necessaries they•are not valid unless the party furnishing them proves that the parent or guardian fails or refuses to supply the necessaries for the infant." Civil Code (1910), § 4233. It is practically impossible to lay down any general definition of the term "necessaries" which will be applicable in all cases. That which is a luxury to-day may become a necessity to-morrow. What are deemed necessaries for one person may not be for another. The question depends largely upon the rank, social position of the infant, or other like circumstances. Each case must stand upon its own peculiar facts. The question is ordinarily one of fact, to be determined by the jury. Generally speaking, necessaries for an infant include support and maintenance, food, lodging, clothing, medical attendance, and education suitable to his station in life. 22 Cyc. 593; *Mauldin* v. *Southern Shorthand University,* 126 *Ga.* 681 (55 S. E. 922, 8 Ann. Cas. 130) ; *Keaton* v. *Davis,* 18 *Ga.* 457; *Raoul* v. *Newman,* 59 *Ga.* 409. When one undertakes to supply

an infant with articles or services which are claimed to be necessaries, he must at his peril ascertain that neither the parent or guardian nor any one else has supplied the infant, and that he is in actual need of the articles or services furnished. *Nicholson* v. *Wilborn,* 13 *Ga.* 467; *Nicholson* v. *Spencer,* 11 *Ga.* 607; *Brown* v. *DeLoach,* 28 *Ga.* 486. In other words, the defense of infancy is always good, unless the plaintiff carries the burden of showing that the goods or services furnished were necessary, that the parent or guardian failed or refused to furnish them, and that the infant has not been supplied from any other source. In *McAllister* v. *Gatlin,* 3 *Ga. App.* 731 (60 S. E. 355), this court said that a contract with an infant for necessaries is not valid unless the parent or guardian "fails and refuses" to supply him with sufficient necessaries. This language was inapt. The statute is in the disjunctive. The need of the infant, and the failure or refusal of the parent or guardian to supply him are all that need appear. It is not necessary that an affirmative refusal by the parent or guardian, after knowledge of the necessity, be shown. This was expressly ruled in *Raoul* v. *Newman,* supra, where medical services were rendered to a minor in a sudden and dangerous emergency, during the absence of the father.

The services rendered by the plaintiff in the present case come within this principle. He testified, that the infant's teeth were decayed, one of them having a fistulous abscess from the root; that the nerves were exposed, and that, generally speaking, his teeth were in such condition as to impair the mastication of his food, which would likely produce stomach trouble. According to this testimony the services rendered by the plaintiff were absolutely necessary for the preservation of the health of the infant. It is immaterial what the station in life of the infant was. He was a human being, and the services rendered by the plaintiff were, according to his testimony, necessary, within the meaning of the statute. We do not mean to say that all services rendered by a ·dentist would be classed as necessary, since the dentist might go far beyond what was essential for the preservation of the infant's health and comfort, and suitable to one in his station in life. But nothing of that sort is shown by the evidence in the present case. The plaintiff was entitled to be paid, and the judge of the superior court did not err in sustaining the certiorari and setting aside the verdict in the defendant's favor.      *Judgment affirmed.*