### 6355.  GEIGER *v.* WORTH.

WADE, J.  1.  What are "necessaries" for an infant under 21 years of age is a question for determination by the jury, according to the circumstances and condition in life of the infant.  *McLean* v. *Jackson,* 12 *Ga. App.* 51 (76 S. E. 792).

2. There was some evidence to authorize the inference that the minor was

liable, from a quasi-contractual relation arising by operation of law, for the necessaries which formed the basis of this suit, and that the parent was not only unable to furnish such necessaries, but actually failed to supply them. This was not such an executory contract as the contract in *Mauldin* v. *Southern Shorthand &c. University*, 3 *Ga. App.* 800 (60 S. E. 358), and the finding in favor of the plaintiff was not contrary to law, under the provisions of section 4233 of the Civil Code. See *Mauldin* v. *Southern Shorthand &c. University*, 126 *Ga.* 681 (55 S. E. 922, 8 Ann. Cas. 130)'; and *McAllister* v. *Gatlin*, 3 *Ga. App.* 731 (60 S. E. 355).

3. The judge of the superior court having approved the finding, even though there be slight evidence to support it, his judgment will not be disturbed.          *Judgment affirmed.   Russell, C. J., dissents.*

DECIDED NOVEMBER 19, 1915.

Certiorari; from Chatham superior court—Judge Charlton. December 30, 1914.

Miss R. I. Worth sued Sidney Geiger in a justice's court for $40.15, alleged to be a balance due for a "course in shorthand," and for stationery and books. The defendant pleaded, (1) that he made no contract or arrangement with the plaintiff for a course in shorthand, and that whatever agreement or arrangement was made was by his mother; (2) that he was a minor and therefore was incapacitated from making any contract; (3) that the contract was that on payment of $15, which he paid in advance, the plaintiff would teach him shorthand and make him sufficiently proficient to accept a position as stenographer, and the balance due for the instructions was to be paid out of such salary as he would earn as a stenographer; and that although he applied himself diligently and went to the plaintiff for about a year, and gave her every opportunity to impart to him sufficient knowledge to make him a stenographer, she failed to accomplish anything, and, by reason of the failure to make a stenographer out of him, she was not entitled to recover anything.

The evidence on the trial was as follows: The plaintiff testified: "I am proprietor of Ryan's Business College, and Sidney Geiger came to me with his mother and made arrangements for a course in stenography. His mother paid me $15 in cash, stating she was a widow and that was all she had, but the balance was to be paid after Sidney started to work. Sidney agreed to pay me the balance when he got a position, and also owes me $5.10 for books and stationery. . . The amount due me now is $40.10, which is still unpaid and past due." The defendant testified:

"At the time the arrangements were made for my entering Ryan's Business College I was sixteen years old. I was working at that time, but gave my evenings to my mother. I went to school at night, and Miss Worth tried to teach me, but I did not like shorthand or stenography, and knew that I would never learn it. I continued to go to school because it gave me a good excuse to be in the streets and go to the picture shows at night." Mrs. J. Geiger testified: "I made all arrangements with Miss Worth myself. I went there first alone and made the arrangements, and later went back with Sidney, and afterwards sent the money by Sidney. The agreement was that I was to pay $15 cash, which I did, and she guaranteed to equip Sidney as a stenographer, and said she had positions ready for him, and Sidney was to pay her out of such salary as he made as a stenographer. After Sidney had been going for about four months, Miss Worth finally reported to me that Sidney had not been there for a month. I investigated and found that Sidney was trifling his time, and he kept protesting that he would never make a stenographer and did not like the work, and begged to be taken away, but Miss Worth was so confident that she could make a stenographer out of him, and held out such flattering hopes for a good position in a short time, that I permitted him to return, but he was very irregular, and he only returned on account of her persuasion; and finally she sent him to some railroad to be tested for a position, but when the employer undertook to dictate to him he was unable to do the work, and was a failure as a stenographer."

The justice rendered judgment against the defendant for the amount sued for. The defendant sued out certiorari, the judge of the superior court overruled the certiorari, and the defendant excepted.

*Twiggs & Gazan,* for plaintiff in error, cited: Civil Code (1910), § 4233; *McLean* v. *Jackson,* 12 *Ga. App.* 51; *Mauldin* v. *Southern Shorthand University,* 126 *Ga.* 681; *Keaton* v. *Davis,* 18 *Ga.* 457; *Raoul* v. *Newman,* 59 *Ga.* 409; 22 Cyc. 593; *Oliver* v. *McDuffie,* 28 *Ga.* 522.

*H. Mercer Jordan,* contra, cited: *Mauldin* v. *Southern Shorthand University,* supra; *McLean* v. *Jackson,* supra; *McAllister* v. *Gothin,* 3 *Ga. App.* 732.