### 38143. HUME *v.* SMITH.

DECIDED APRIL 5, 1960.

*John E. Feagin,* for plaintiff in error.

*Wilkinson & Walker, A. Mims Wilkinson, Jr.,* contra.

NICHOLS, Judge. The defendant's answer alleged in part: "For further answer the defendant says that the sum sued for is the legal obligation of her former husband, Joseph D. Cook. Defendant says that while she arranged for the items sued for to be furnished, she did so as the wife of Joseph D. Cook, and that the same were necessaries, and not an individual undertaking on the part of this defendant." There was no contention that the defendant was the agent of her then husband, other than as his wife, or that he would be liable for the materials and labor furnished other than because he was bound to furnish "necessaries" to the defendant. Therefore, unless the labor and materials furnished were "necessaries" for which the defendant's then husband was liable, the judgment of the Appellate Division of the Civil Court of Fulton County denying the defendant's motion for new trial must be affirmed.

The trial court held as to a part of the items sued for, six separate invoices being involved, that a temporary alimony decree was in effect and that under no circumstances "even if they were necessaries" would the defendant's husband be responsible for that part of the work done while such temporary alimony decree was effective. See Code § 30-206 which provides that, where temporary alimony is awarded, the husband is not liable to third persons for necessaries furnished his wife and children. Accordingly, as to this part of the judgment of the trial court, the judgment was demanded.

The trial court, as the trior of facts, without the intervention of a jury found that the work done was for the improvement of real estate admittedly owned by the defendant. This finding was tantamount to a finding that the services and materials furnished were not "necessaries," and, since generally the question of what are "necessaries" is a question for the trior of fact (see *McLean* v. *Jackson,* 12 *Ga. App.* 51, 76 S. E. 792, and *Geiger* v. *Worth,* 17 *Ga. App.* 361, 86 S. E. 938), the finding of the trial court hearing the case without the intervention of a jury was authorized by the evidence and the Appellate Division of the Civil Court of Fulton County did not err in affirming the judg-

454

ment of the trial court denying the defendant's motion for new trial.

*Judgment affirmed.* *Felton, C. J., and Bell, J., concur.*