*Joan Swift,* for appellee.

## 55584. MADDEN v. KEITH.

McMurray, Judge.

This is an action by Mrs. Juanita Madden,. the ex-mother-in-law of William Larry Keith, for necessaries for the support and maintenance of the defendant's wife and minor children furnished during a period August 22, 1976, through May 31, 1977 (later amended to July 2, 1977). Plaintiff alleges that defendant refused and failed to support his wife and minor children and his wife was forced to request of the plaintiff sufficient funds to support them, the same being $14,780, "being the reasonable cost of necessaries for the wife and minor children suitable to their condition and habits of life." Plaintiff sought the amended sum of $14,288.98 along with interest, cost of litigation and attorney fees, contending the defendant was stubbornly litigious, guilty of bad faith and she was therefore entitled to reasonable attorney fees.

Defendant answered, denying the claim and contended that all questions of support had been finally adjudicated in the suit for divorce by and between the husband and wife and that if any payments had been made by plaintiff they were voluntary and no legal claim exists against defendant for such payments.

After a trial, the jury returned a verdict for the defendant, and the judgment followed the verdict. Plaintiff appeals. *Held:*

1. "Until provision shall be made for the support and maintenance of the wife and minor children, voluntarily or by decree or order of the court, the husband shall be liable to third persons for the board and support of the wife and for all necessaries furnished to her or for the benefit of his children in her custody." Code § 30-215. See also *Humphreys v. Bush,* 118 Ga. 628 (1) (45 SE 911); *Brown v. Brown,* 132 Ga. 712 (1) (64 SE 1092).

2. What are "necessaries" is a question for determination of the jury according to the circumstances and condition of life of the wife and children. See *McLean v. Jackson,* 12 Ga. App. 51 (76 SE 792); *Geiger v. Worth,* 17

Ga. App. 361 (1) (86 SE 938). Under the evidence presented here: as to the so-called provisions made for the support and maintenance of the wife and minor children by the husband, as to whether or not it was voluntarily made, and when, as to whether or not it was made a part of a decree or order of the court, as well as whether the funds advanced by the mother-in-law plaintiff was a voluntary gift, loan or to furnish necessaries within the meaning of that term, were all jury questions. Consequently, this court in passing on the sufficiency of the evidence cannot say that the finding for the defendant was error inasmuch as the weight of the evidence was for the jury and not this appellate court. While the evidence would have authorized a finding in some amount for the plaintiff under the testimony and evidence submitted on plaintiff's behalf, nevertheless this court cannot hold that the judgment is decidedly and strongly against the weight of the evidence. *Knight v. State,* 239 Ga. 594 (1) (238 SE2d 390); *Brooks v. State,* 141 Ga. App. 725, 739 (234 SE2d 541).

3. During the opening statement to the jury counsel for the defendant was allegedly allowed to argue that the husband and wife had voluntarily entered into a "voluntary agreement" settling questions of child support and alimony. Objections were allegedly made to this argument. However, this is not shown by the transcript of the record and proceedings. The burden is upon the appellant to show harmful error by the record, and this has not been done here. *Mark Trail Campgrounds v. Field Enterprises,* 140 Ga. App. 608, 609 (2) (231 SE2d 468); *Harper v. Ga. S. & F. R. Co.,* 140 Ga. App. 802 (2) (232 SE2d 118). Neither the agreement nor the decree was submitted in evidence, although testimony in respect thereto was allowed in evidence. This enumeration of error is not meritorious.

4. The actual "agreement" which may or may not have been made a part of the temporary alimony decree cannot be passed on here inasmuch as the witness only testified as to an agreement and a decree of court. The defendant offered no testimony in his own behalf, and all of the information in regard thereto is direct and cross examination testimony surrounding same. We

cannot pass upon whether or not any such "agreement" was valid or invalid since there is no evidence before the court as to its invalidity.

5. Whether or not the so-called "agreement" became a part of a "temporary order" cannot be determined here for neither the "agreement" nor the so-called "temporary order" was submitted in evidence. Consequently, we cannot pass upon whether or not the trial judge, "who signed said order refused to hear evidence of the wife's financial needs or the husband's ability to pay." If the parties actually agreed that the so-called "agreement" was to be made a part of a temporary order of the court in reference to temporary alimony the trial judge would not, in the divorce and alimony case, have to hear any evidence. But we are unable to pass upon this question since neither the "agreement" nor the "temporary order" is before us here.

6. By argument counsel seeks to change the enumeration of error which contends the trial court had declared the so-called "order" was a valid order "in spite of the fact that the court refused to hear testimony regarding financial needs of the wife or ability of the husband to pay," into an argument before this court that the court thereby expressed an opinion. This argument cannot be considered since that was not the enumeration of error made. There is no merit in this complaint. See *Wall v. Rhodes,* 112 Ga. App. 572 (1) (145 SE2d 756). Further, appellant's brief does not follow the pagination of the transcript so that examination can be made of the objection in the trial court.

7. The trial court did not err in charging the substance of Code § 30-215 that the husband shall be liable to third persons for "necessaries" furnished to the wife for the support of wife and children but that if said necessaries were furnished after a voluntary agreement between the husband and wife for their support, and he made such payments for support and maintenance in accordance with the voluntary agreement or order or decree of the court, then in that event you should find in favor of the defendant. The statute clearly states that until provisions shall be made either voluntarily, or by decree or order of the court, that the husband shall be

liable to third persons, "for the board and support of the wife and for all necessaries furnished to her or for the benefit of his children in her custody." Hence, the charge as made was correct and not subject to objection made. The provision of support and maintenance may be either voluntary or by decree of the court. The court did not err in giving this charge. Even if the "agreement" did not immediately become a part of the order of the court, it was a voluntary agreement which was later made a part of that decree.

8. Neither the divorce decree nor the substance of the pleadings in the divorce and alimony case was submitted in evidence here. Consequently, the trial court did not err in charging the jury that they were the sole judges of whether or not the husband and wife were separated under such conditions that would make the husband liable to third parties for necessaries. In the absence of a prima facie showing that the wife had not lost such rights as stated in Code § 53-508 such as voluntary abandonment without sufficient provocation, the husband's own misconduct or the adultery of the wife with another man, it was unnecessary to charge the substance of Code § 53-508. There is no merit in this complaint.

9. Whether or not the trial court erred in refusing to allow plaintiff to present evidence on the question of attorney fees is not here reached for no judgment was returned in favor of the plaintiff. If the amount recovered is considerably less than the amount sought, attorney fees are not authorized. See *Crump v. Ojay Spread Co.,* 87 Ga. App. 250, 252 (2) (73 SE2d 331); *Schafer Baking Co. v. Greenberg,* 51 Ga. App. 324, 326 (180 SE 499); *Broyles v. Johnson,* 103 Ga. App. 102 (5), 105 (118 SE2d 734). There is no merit in this complaint.

10. The trial court did not err in allowing a thorough and sifting cross examination of the plaintiff's daughter (former wife of defendant) as to the division of custody of the children between husband and wife and the fact that defendant supported the children awarded to him. The objection was merely that counsel was "making a speech or testifying or something," and that counsel for the plaintiff thought it was an improper question. The court replied that he thought it was a proper question and

allowed him to continue. There is no merit in this complaint as the question and answer were relevant.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED APRIL 5, 1978 — DECIDED MAY 12, 1978.

*James W. Lewis,* for appellant.
*Richter, Willis & Keeble, Jerry Willis,* for appellee.