58537. ARRINGTON et al. v. ANDREWS.

CARLEY, Judge.

Appellee Andrews, d/b/a National Carpets of Distinction, sued appellants Mr. and Mrs. Arrington on an oral contract for the furnishing and installation of carpet in a residence constructed for the Arringtons by Devin Residential Communities, Inc. The Arringtons did not dispute the agreement to purchase the carpet nor the amount owing but contended that it was specifically agreed at the time of the oral contract that National Carpets would be paid by Devin out of the proceeds of the loan on the house. The loan was closed but Devin failed to pay for the carpet. The trial judge granted National Carpets' motion for directed verdict and the appeal is from the judgment entered in favor of National Carpets.

1. Appellants' first enumeration of error refers to the grant of appellee's motion for summary judgment, but the argument and citation of authority in support thereof deal with motions for directed verdict. The appellee insists that inasmuch as no motion for summary judgment was made and appellants did not argue the enumeration of error made nor cite any authority in connection with it, this enumeration must be considered abandoned and the issue of grant of the directed verdict not be considered. We decline to impose such a harsh penalty and conclude that the issue has been sufficiently raised so that it may be

decided on the merits within standards announced in such cases as *Adams-Cates Co. v. Marler,* 235 Ga. 606 (221 SE2d 30) (1975), and *Mayes v. Hodges,* 142 Ga. App. 538 (1b) (236 SE2d 494) (1977); revd. on other grounds, 240 Ga. 643 (242 SE2d 160) (1978). Compare *Madden v. Keith,* 146 Ga. App. 13, 15 (6) (245 SE2d 350) (1978), and *Jim Walter Corp. v. Ward,* 150 Ga. App. 484 (258 SE2d 159) (1979).

2. Even in cases where the materialman deals with the contractor, rather than directly with the owners, as in the present case, "[i]t is the owner's responsibility to see to it that the payments which he makes on the construction contract price are properly disbursed by the contractor to those having valid claims for labor and materials, and . . . he has the burden of showing that this was done. [Cits.]" *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639, 643 (2) (171 SE2d 782) (1969). While there was a letter introduced in evidence indicating that National Carpets had attempted to obtain payment from the contractor Devin several months after closing, the appellant owners proffered nothing to show any efforts on their part to see that payment for the carpet was properly disbursed to the appellee from the loan proceeds.

3. Appellants also enumerate as error the trial court's exclusion of two exhibits, to wit: (a) Defendant's Exhibit 1 which was a letter "to show the basis of the contractor's allowance for carpet and that [National Carpets] knew of such at the time the present contract was entered into," and (b) Defendant's Exhibit 4 which was an affidavit of purchaser and vendor submitted to show that the loan was actually closed.

Perusal of the transcript reveals that Arrington's *testimony* on direct examination as to what the letter (Defendant's Exhibit 1) contained, to which no objection was interposed, was much more favorable to his position than was the letter itself. Indeed, had the letter been admitted, it would have contradicted Arrington's statement that Devin agreed therein that the contractor "would be responsible for the money and that at the closing we paid for everything in the house on the agreed price with the understanding that all bills had been paid . . ."

A reading of defendant's Exhibit 4, which was a copy

of a "Federal National Mortgage Association Affidavit of Purchaser and Vendor," discloses that, contrary to the assertion of appellants, it does not show that all bills had been paid and there were no liens outstanding on the house except for the first mortgage. It states only that no liens had been given or agreed to be given by the purchasers which were not recited in the statement. Moreover, Arrington's testimony on direct was again much more favorable to his case than introduction of the document itself would have been. In any event, an affidavit that the *appellants* had given no liens on the property would not establish that there were no outstanding liens affecting the marketability of the title to the property.

Even assuming that these exhibits were admissible as relevant and best evidence, they were merely cumulative, since the information sought to be obtained from them was admitted through Arrington's testimony. Thus, it was harmless error, if error at all, to exclude them from evidence. It is well settled that error, to be reversible, must be harmful. *McDaniel Printing Co. v. Ben Meadows Co.*, 144 Ga. App. 419 (1) (241 SE2d 58) (1977); *Mitchell v. Gay*, 111 Ga. App. 867, 872 (6) (143 SE2d 568) (1965). For the foregoing reasons, and since there was no conflict in the evidence as to any material issue, the trial court properly granted the appellee's motion for directed verdict for the amount due on the carpet. Code Ann. § 81A-150 (a); *Tuggle v. Estate of Robinson*, 146 Ga. App. 754 (2) (247 SE2d 573) (1978).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Argued September 6, 1979 — Decided November 27, 1979.

*Doye E. Green*, for appellants.
*Wayne Gilleland*, for appellee.