66384. SIMMONS v. BOARD OF TRUSTEES, POLICEMEN'S PENSION FUND et al.

DEEN, Presiding Judge.

Appellant Ralph H. Simmons, a detective sergeant with the Atlanta police force at the time of the injury giving rise to this appeal, made application for an in-line-of-duty permanent disability pension to the Board of Trustees of the Policemen's Pension Fund of Atlanta. The Board denied his application on August 12, 1981, and appeal was taken to the Superior Court of Fulton County for a de novo hearing within 30 days as provided by Section 7 (a) of Ga. L. 1953, Vol. 2, pp. 2707, 2709. The superior court also denied the petition, and a discretionary appeal to this court pursuant to OCGA § 5-6-35 (a) (1) (Code Ann. § 6-701.1) was granted.

1. Appellant contends that the trial court denied him his constitutional right to a jury trial despite a timely filed written demand therefor. We do not agree.

The statutory provision authorizing appeals from adverse decisions of the Policemen's Pension Fund Board recites that "unless a jury trial is demanded in writing by one of the parties *within thirty days after the appeal is filed with the clerk of the superior court,* the judge of such court shall proceed to hear and pass upon the controversy." (Emphasis supplied.) Ga. L. 1953, Vol. 2, pp. 2707, 2710. The appellant filed his application for review from the decision of the Board on September 9, 1981. His written demand for jury trial, however, was not filed until July 7, 1982, some ten months later, on the day the case was to be tried.

"The rule in Georgia on the right to a trial by jury is clear. In construing the provision of the Georgia Constitution which states that the right of trial by jury shall remain inviolate, this court has

consistently held that in civil actions the right of a jury trial exists only in those cases where the right existed prior to the first Georgia Constitution, and the Constitution guarantees the continuance of this right unchanged as it existed at common law. *Metropolitan Cas. Ins. Co. v. Huhn,* 165 Ga. 667 (142 SE 121) (1927). The court in *Huhn* also stated that contested election cases are among those where a right to a jury trial did not exist prior to the first Constitution. Therefore, the right can only exist by statute." *Bell v. Cronic,* 248 Ga. 457, 458 (1) (283 SE2d 476) (1981); *DOT v. Del-Cook Timber Co.,* 248 Ga. 734, 742 (8 (a)) (285 SE2d 913) (1982). There is likewise no constitutionally protected right to trial by jury in the instant appeal, only the election provided by statute enabling the appellant to obtain a jury trial upon proper application within the limited 30-day period.

Nor do we find persuasive appellant's argument that the 30-day limitation in the pension statute is superseded by the Civil Practice Act, which "governs the procedure in all courts of record of [the State of Georgia] in all actions of a civil nature..." OCGA § 9-11-1 (Code Ann. § 81A-101). By amendment in 1978, subsequent to the enactment of the Civil Practice Act and the cases relied upon by appellant, the General Assembly specifically reaffirmed that any appeal from a decision of the Policemen's Pension Board should be taken "in accordance with the procedures provided for in [the statute]"; and that all laws in conflict were thereby repealed. Ga. L. 1978, pp. 4537, 4545. Accordingly, the trial court did not err in finding that because written demand was not properly made within the 30-day period, appellant had no constitutional or statutory right to a trial by jury of his appeal.

2. Appellant also asserts that a new trial should have been granted because the trial court erroneously refused to consider evidence of payment by the city of Atlanta of workers' compensation benefits for temporary total disability as an admission by the Atlanta Bureau of Police Services that appellant was disabled. We agree that the disability standards for workers' compensation benefits and police fund benefits are equatable and such evidence would be relevant. See *Bd. of Trustees, Policemen's Pension Fund v. Christy,* 246 Ga. 553 (272 SE2d 288) (1980). However, appellant objects only to the exclusion of a letter from an attorney representing the City of Atlanta expressing her opinion as to appellant's entitlement to the workers' compensation benefits. Although counsel for appellant asked for and was permitted by the court to make a later offer of proof to introduce this letter, no further attempt was made. Moreover, the transcript reveals that considerable evidence of the city's payment of temporary total disability workers' compensation benefits was admitted without objection, including testimony by the attorney who wrote the excluded letter. In any event, since no error has been

enumerated on the general evidentiary grounds, the exclusion of this document could not have constituted harmful error warranting reversal and a new trial. *Arrington v. Andrews,* 152 Ga. App. 572 (3) (263 SE2d 491) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JULY, 15, 1983.

*E. Marcus Davis,* for appellant.
*Marva Jones Brooks, Richard A. Carothers,* for appellees.