## JAMES BARNES vs. GEORGE A. BARNES.

A father has the right to dispose of the services of his minor son during his minority; but this right is not absolute. His own right to his services being limited and qualified he can convey only a limited and qualified right.

One qualification of this right is, that it dies with the death of the father. The son being emancipated by the death of the father, his obligation to perform the contract made for him by the father is at an end; certainly after he has arrived at years of discretion.

A father made an agreement with B that his son, then four months old, should live with and serve him till he was twenty-one years old, and that B during that time should provide him with food, clothing and schooling as if he were his own child. The boy's mother was then dead and his father died four years later. When the boy was nineteen years of age he made an agreement with B that the latter should relinquish his rights under the contract with the father, and should be released from the duty of further supporting him, and that he would thereafter pay B three dollars a week for his board while he remained with him. Held—1. That this agreement was a repudiation by the minor of the contract made between the father and B.—2. That the board furnished the minor by B being a necessary, he could recover reasonable compensation for it.

CIVIL ACTION to recover for board furnished the defendant, a minor; brought to the Court of Common Pleas of Hartford County, and tried to the court before *Bennett, J.* Facts found and judgment rendered for the plaintiff, and appeal to this court by the defendant. The case is sufficiently stated in the opinion.

*C. E. Perkins* and *N. E. Pierce*, for the appellant.

*J. P. Andrews*, for the appellee.

CARPENTER, J. When the defendant, George A. Barnes, was about four months old, his father and the plaintiff entered into a contract in writing in which the father agreed that George A. should serve the plaintiff faithfully during his minority—the plaintiff agreeing to provide for him during that time suitable food, clothing and schooling. Pursuant to this agreement the defendant lived with the plaintiff

Barnes *v.* Barnes.

until he was about nineteen years old, when he and the plaintiff agreed that the contract should not be binding, that he should thereafter be entitled to his earnings, and that the plaintiff should be entitled to receive three dollars per week for his board while boarding with him. Of this agreement due notice was given to Fenn, the other defendant, who had been appointed guardian to the said George A., the father having died when he was about four years old.

The court below found that the defendant was indebted to the plaintiff in the sum of $297, and rendered judgment for that sum.

On the trial the defendant claimed, as matter of law, that the contract between the plaintiff and the father of the defendant was a valid contract and could not be abandoned by the agreement between the plaintiff and George A. Barnes. The court ruled otherwise and the defendant appealed.

That a father has a right to dispose of the services of his minor son during minority is not disputed; but this right is not absolute. As his right to the services of his son is limited and qualified, it necessarily follows that he conveys only a qualified right. The more important qualification, and the only one we need now to refer to, is, that the father's right to the services of his son dies with the father. That event emancipates the son, and his obligation to perform the contract made for him by the father is at an end. In this case, the father being dead, the son was at liberty to repudiate the contract, certainly after arriving at years of discretion.

The question is not whether the minor was legally capable of making a valid contract with the plaintiff, but it is rather whether that agreement amounted to a repudiation of the contract made with the father. We are clearly of the opinion that it did.

It will be observed also that this case differs from those cases, cited by the defendant's counsel, in which the minor during the lifetime of the father attempted to repudiate the contract made by the father. Hence those cases have no application.

The contract having been repudiated by the minor ceased to be of obligation on either party, and the plaintiff was no longer liable to furnish support to the minor. He therefore has a right to recover for the board furnished, that being a necessary which the minor could lawfully bind himself to pay for. It does not follow that any contract which the minor might have made for his board would be enforced by the court, as he might have made an improvident one; but in this case it is clear that the amount which he agreed to pay was only a reasonable one, and we must assume that the court below so regarded it.

There is no error in the judgment.

In this opinion the other judges concurred.