MARY E. GREGORY *vs.* FRANK LEE.

First Judicial District, Hartford, May Term, 1894.*  ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The obligation of an infant to pay for necessaries furnished him is one im-
posed by law, rather than one which arises from his contract; as the
party furnishing the necessaries can recover only their fair and reason-
able value.

As a general rule an infant may avoid his contracts of every kind, whether
beneficial to him or not, and whether executed or executory.

This rule applies to contracts for necessaries, and especially so when the
contract is in whole or part executory at the time of its avoidance by
the infant.   Hence an infant may disaffirm his contract for the lease
of a room suitable to his needs and situation in life, and is not liable
for the rent of the room alleged to have accrued after such disaffirmance
and after he has ceased to occupy it, although such period was within
the term covered by his contract.

[Argued May 16th—decided June 29th, 1894.]

ACTION for rent of a leased room, brought before a justice
of the peace in the town of New Haven and thence by the
defendant's appeal to the Court of Common Pleas in New
Haven County, where the case was tried to the court, *Stud-
ley, J.,* upon the defendant's demurrer to the plaintiff's reply;
the court sustained the demurrer and rendered judgment
for the defendant, and the plaintiff appealed for the alleged
error of the court in sustaining the demurrer.   *No error.*

The case is fully stated in the opinion.

*Talcott H. Russell,* for the appellant (plaintiff).

I. This action is brought to recover for the price of lodg-
ings rented by defendant and which he entered into posses-
sion of.   Defendant was a student in Yale College and it
was necessary for him to secure such lodgings.   It was nec-
essary for him to have such lodgings during his college year.

* Transferred from the third judicial district by agreement of the parties
and the consent of the court.

The lodgings for the year therefore were a necessary part of the expenses of his education.

II. The authorities are plain that education is a necessary and that for that purpose the infant may enter into fair and suitable contracts if necessary for an entire year. See 1 Roll., 729; 3 Comyn's Digest, 562; *Pickering* v. *Gunning*, Pal., 528; *Chapple* v. *Cooper*, 13 M. & W., 252; *Squire* v. *Hydliff*, 9 Mich., 274. A lease of itself may be a necessity. Wood's Landlord and Tenant, page 146, sec. 103; Coke, Lit., 172a; Taylor's Landlord and Tenant, p. 76, sec. 96; *Lowe* v. *Griffiths*, 1 Hodges, 30, and 1 Scott, 458; *Peters* v. *Fleming*, 6 M. & W., 42; *Ry. Co.* v̇. *McMichael*, 5 Exchequer, 113, 125.

III. Our law is laid down in *Riley* v. *Mallory*, 33 Conn., 206; 1 Swift, 52. Defendant makes much of the distinction between executed and executory contracts. This distinction is not made in the causes in this State. The rule that an infant's contracts are voidable is one made for his protection. Where it is necessary for him to have power to make contracts the law will allow him to make them. *Chapple* v. *Cooper*, 13 M. & W., 252.

IV. The contract in this case is executed. He agreed for the rooms for the college year and he entered into possession. The contract was then executed. The mere fact that he did not choose to continue to occupy or use the premises is of no consequence as regards the merits of the case.

V. As to the second defense it is sufficient to refer to *Morse* v. *The State*, 6 Conn., 9.

*Edward G. Buckland* and *Harry G. Day*, for the appellant (defendant).

The sole question in this case is whether an infant, after he has elected to avoid a contract, can be held on the executory portion of the same.

I. What is the nature and effect of the appellee's so-called contract?

Being a transaction with an infant it cannot on principle be a perfect contract. To every perfect contract there must

always be, 1, Subject matter, 2, Consideration, 3, Meeting of the minds, 4, Parties capable, in contemplation of law, to contract. 1 Parsons on Contracts, 8. But " the law assumes the incapacity of an infant to contract." *Riley* v. *Mallory*, 33 Conn., 206. Therefore, where an infant is a party, one element of a perfect contract is missing and it is an anomaly to say that there is any contractual obligation on his part. The contract, so far as there is a contract, is a unilateral one, binding only on the adult and voidable by the infant at any time. *Shipman* v. *Horton*, 17 Conn., 481, 484; *Mustard* v. *Wohlford's Heirs*, 76 Am. Dec., 209, 211; *Thompson* v. *Hamilton*, 12 Pick., 425, 429; *Cannon* v. *Alsbury*, 10 Am. Dec., 709, 711; *Harner* v. *Dipple*, 31 Ohio St., 72, 77. Whatever enforceability a transaction with an infant may have is due solely to the operation of law, not to any act of the infant, and the only obligation which the law implies is the obligation to pay the reasonable value of necessaries actually supplied. *Barnes* v. *Barnes*, 50 Conn., 572, 574; Keener on Quasi Contracts, pp. 20, 21; Parsons on Contracts, *313; *Trainer* v. *Trumbull*, 141 Mass., 527, 530; *Parsons* v. *Keys*, 43 Tex., 557, 559; Schouler on Domestic Relations, *555; Bishop on Contracts, §§ 86, 266; Tyler on Infancy and Coverture, § 60.

II. An infant is not liable on his executory agreement to take and pay for necessaries to be supplied.

If the obligation of an infant is that implied by law, the proper form of action to hold an infant would be on the implied obligation, called under the Practice Act the common counts. But in such an action a plaintiff can recover only for things which have been actually furnished, or benefits which have been actually enjoyed. Obviously the complaint sets forth neither of these facts. *Catlin* v. *Haddox*, 49 Conn., 492, 498; Lawson on Contracts, § 136; 2 Greenleaf on Evidence, § 367; *Flexner and Lichten* v. *Dickerson*, 72 Ala., 318, 323; 1 Parsons on Contracts, (8th Ed.,) *321, *326, note 1; *Pool* v. *Pratt*, 1 Chipman, (Vt.,) 254; Bishop on Contracts, §§ 265, 267; *Minock* v. *Shortridge*, 21 Mich., 304, 315; *Edgerly* v. *Shaw*, 25 N. H., 514, 516, 57 Am. Dec., 349; *Eu-*

*reka Co.* v. *Edwards*, 71 Ala., 248, 46 Am. Rep., 314, 315; *Gaffney* v. *Hayden*, 110 Mass., 137; 1 Am. Leading Cases, (Hare and Wallace,) pp. 109, 110.

III. Even if assumpsit would lie it must in addition be shown, to maintain this action, that the room was a necessary.

Said room was not a necessary. The fact that he obtained and was occupying a suitable room elsewhere during this time, disposes of this question; for those things with which an infant is already supplied are not necessaries. *Conboy* v. *Howe*, 59 Conn., 112, 114; *Trainer* v. *Trumbull*, 141 Mass., 527, 530; Pollock on Contracts, side page 50; *Barnes* v. *Toye*, 13 L. R., Q. B. D., 410, 413; *Johnson* v. *Lines*, 6 W. & S., 80, 40 Am. Dec., 542, 544.

IV. In accordance with the foregoing principles an infant is liable on his lease only while he is in possession, and then only for a reasonable price. *Ketley's Case*, Brownlow & Goldsborough's Rep., 120; *Blake* v. *Concannon*, 4 Irish Rep., Com. Law, (1869–70,) 323, 330–31; *R. R.* v. *McMichael*, 5 Exch., 114, 123; Taylor on Landlord and Tenant, § 96; 1 Keener on Contracts, 514; *Holmes* v. *Blogg*, 8 Taunton, 508.

TORRANCE, J. The complaint in this case alleges that on the first of June, 1892, the defendant, being a student in Yale College, entered into a contract with the plaintiff by which he leased a room for the ensuing college year of forty weeks, at an agreed rate of ten dollars per week, payable weekly, and immediately entered into possession of said room, and has neglected and refused to pay the rent of said room for the ten weeks ending February 7th, 1893.

The answer in substance is as follows:—

On or about September 15th, 1892, the defendant agreed to lease a room in the house of the plaintiff for the ensuing college year of forty weeks, at the agreed rate of ten dollars per week, payable weekly; that he then entered into possession of said room and occupied it till December 20th, 1892; that on said day he gave up possession of said room and ceased to occupy the same, and then paid to the plaintiff all he owed her for such occupation and possession up to that

time; that immediately thereafter he engaged at a reasonable price another suitable room elsewhere, and continued to possess and occupy the same till the end of said college year; that during all of said period he was a minor and a student in said college; and that on December 20th, 1892, he refused to fulfill said agreement with the plaintiff to occupy or pay for said room for the remainder of said forty weeks, and has always refused to pay for the time during which he did not possess or occupy said room.

The reply to the answer was as follows:—

" Par. 1. Plaintiff admits all the allegations of said defense.

" Par. 2. Defendant at the time of making said contract was between nineteen and twenty years of age.

" Par. 3. Defendant and his parents are residents of the Island of Trinidad. His father makes him an annual allowance out of which he is expected to defray all his college expenses, including room and board, transacting the business incidental thereto in his own name and not on account of his father.

" Par. 4. It is the general custom among students and lodging-house keepers to rent rooms for the college year of forty weeks, and students also usually contract for and pay tuition by the year. Defendant at the time of renting said rooms had contracted for his tuition during the college year.

" Par. 5. The rent charged for the room was fair and reasonable, and was suitable to his necessities as a student and to his condition in life. It was also necessary for him to have a room as a place of lodging and study during his college year.

" Par. 6. Defendant could not have obtained a room equally suitable for his purpose nor on such advantageous terms if he had not contracted for the year, except by going to a hotel and paying the usual charges made by hotels for such period as he wished to stay. The cost of this would have been considerably greater.

" Par. 7. Owing to the custom above noted, plaintiff cannot rent her room for the balance of the year and will be

subjected to great loss, unless defendant is compelled to pay rent for the balance of said period."

There was also filed in the case a second defense and a reply to the same, which in view of the conclusion reached upon the first defense and the reply thereto, need not be considered.

To the reply above set out the defendant demurred specially, the court below sustained the demurrer, and judgment was rendered for the defendant. The sole reason of appeal is the claimed error of the court in sustaining the demurrer.

Upon this appeal the facts stated in the answer, and also in the reply so far as the same are well pleaded, must be taken to be true.

It thus appears that the defendant, a minor, agreed to hire the plaintiff's room for forty weeks at ten dollars per week, and that he entered into possession and occupied it a part of said period; that he gave up and quit possession of the room and refused to fulfill said agreement on the 20th of December, 1892, paying in full for all the time he had occupied it; that he has never occupied it since, but has been paying for and occupying a suitable room elsewhere.

Under the facts stated, it must be conceded that this room at the time the defendant hired it and during the time he occupied it, came within the class called "necessaries," and also that to him during said period it was an actual necessary; for lodging comes clearly within the class of necessaries, and the room in question was a suitable and proper one, and during the period he occupied it, was his only lodging room. "Things necessary are those without which an individual cannot reasonably exist. In the first place, food, raiment, lodging, and the like. About these there is no doubt." *Chapple* v. *Cooper*, 13 M. & W., 252; 1 Swift's Digest, 52.

So long then as the defendant actually occupied the room as his sole lodging room it was clearly a necessary to him, for the use of which the law would compel him to pay; but as he paid the agreed price for the time he actually occu-

pied it no question arises upon that part of the transaction between these parties.

The question now is whether he is bound to pay for the room after December 20th, 1892. The obligation of an infant to pay for necessaries actually furnished to him does not seem to arise out of a contract in the legal sense of that term, but out of a transaction of a *quasi* contractual nature; for it may be imposed on an infant too young to understand the nature of a contract at all. *Hyman* v. *Kain*, 3 Jones' L. (N. C.), 111. And where an infant agrees to pay a stipulated price for such necessaries, the party furnishing them recovers not necessarily that price but only the fair and reasonable value of the necessaries. *Earl* v. *Reed*, 10 Met., 387; *Barnes* v. *Barnes*, 50 Conn., 572; *Trainer* v. *Trumbull*, 141 Mass., 527; Keener's Quasi Contracts, p. 20. This being so, no binding obligation to pay for necessaries can arise until they have been supplied to the infant; and he cannot make a binding executory agreement to purchase necessaries. For the purposes of this case perhaps we may regard the transaction which took place between these parties in September, 1892, either as an agreement on the part of the plaintiff to supply the defendant with necessary lodging for the college year, and on the part of the defendant as an executory agreement to pay an agreed price for the same from week to week; or we may regard it, as what on the whole it appears the parties intended it to be, a parol lease under which possession was taken, and an executory agreement on the part of the defendant to pay rent. If we regard it in the former light, then the defense of infancy is a good defense; for in that case, the suit is upon an executory contract to pay for necessaries which the defendant refused to take and never has had and which therefore he may avoid. If we regard the transaction as a lease under which possession was taken, executed on the part of the plaintiff, with a promise or agreement on the part of the defendant to pay rent weekly, we think infancy is equally a defense.

As a general rule with but few exceptions, an infant may avoid his contracts of every kind, whether beneficial to him

or not, and whether executed or executory. *Riley v. Mallory*, 33 Conn., 201. The alleged agreement in this case does not come within any of the recognized exceptions to this general rule. " An infant lessee may also avoid a lease, although it is always available for the purpose of vesting the estate in him so long as he thinks proper to hold it. * * * As to his liability for rent, or the performance of the stipulations contained in the lease, he is in the same situation, with respect thereto, as in case of any other contract; for he may disaffirm it when he comes of age, or at any time previous thereto, and thus avoid his obligation." Taylor's Landlord and Tenant, § 96. In this case the defendant gave up the room and repudiated the agreement, so far as it was in his power to do so, in the most positive and unequivocal manner.

The plea of infancy then, under the circumstances, must prevail, unless the matters set up in the reply make the facts set up in the answer unavailable in this case. Upon this point, without dwelling in detail upon the matters set up in the different paragraphs of the reply, we deem it sufficient to say that neither singly nor combined do the matters so set up constitute a sufficient reply to the answer.

There is no error.

In this opinion the other judges concurred.