JONES, by his next friend, Respondent, vs. VALENTINES' SCHOOL OF TELEGRAPHY, Appellant.

*May 13—June 10, 1904*

*Infants: Liability on contracts: Recovery of money paid for "scholarship" in school: Restitution: Waiver.*

1. An infant is bound by implied contract to pay reasonably for necessaries furnished him, but is not liable therefor upon an executory contract to furnish them, nor upon express contract.
2. An infant's executed contract is ordinarily not absolutely void, but only voidable. He cannot repudiate it and successfully

invoke judicial remedies to restore him to his former position until he has, so far as he reasonably can, made or offered to make restitution.

3. An infant paid money for the privilege of taking a course of study in defendant's school, receiving written evidence of the payment, called a "scholarship." Concluding not to enjoy such privilege, he demanded back the money, making known his willingness to return the scholarship. Repayment was refused, defendant's attitude indicating that it claimed the right and intended to retain the money. *Held*, that a restoration or formal tender of the scholarship before action was waived.

4. At the trial in such case the scholarship was produced and left in court, the attitude of plaintiff and his attorney plainly suggesting that the paper was considered as belonging to defendant. *Held*, a sufficient restoration to warrant judgment for the plaintiff.

APPEAL from a judgment of the circuit court for Rock county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

Plaintiff, an infant, paid defendant $40 as compensation for the privilege of taking a course of study in telegraphy at its school. A receipt for such payment, called a scholarship, was delivered to plaintiff by defendant. Thereafter plaintiff concluded not to enjoy such privilege, and demanded a return of the money, which was refused. He did not receive from defendant any consideration for such money other than the receipt or scholarship, so called. At the time the demand aforesaid was made plaintiff did not tender back the receipt or scholarship, but indicated his willingness to do so. This action was brought subsequent to such demand to recover such money. The facts were substantially found as aforesaid, and thereon the trial court found that plaintiff was entitled to recover. Judgment was rendered accordingly, from which defendant appealed.

For the appellant there was a brief by *Whitehead & Matheson,* and oral argument by *A. E. Matheson.*

For the respondent there was a brief by *John L. Fisher,* attorney, and *Charles E. Pierce,* of counsel, and oral argument by *Mr. Pierce.*

MARSHALL, J.   It is elementary law that an infant is bound by implied contract to pay reasonably for necessaries furnished him.   The limitations of the rule are plainly indicated by the statement of it.   In order that the infant may be bound, all the circumstances must exist essential to raise a promise by implication of law.   There must have been furnished him property or some thing of value, being such as to administer to his necessities. ` That, obviously, excludes the idea of an infant's being liable upon an executory contract to furnish him necessaries, as has been uniformly held.   *Gregory v. Lee,* 64 Conn. 407, 30 Atl. 53.   No liability can be created by an infant for necessaries by express contract.   His liability therefor is wholly a creation of law.   1 Parsons, Contracts (9th ed.) 314, note 1.

In view of the foregoing we need not stop to inquire whether an infant may bind himself by implied contract to pay for educational training of the kind promised by the appellant, under the rule above stated, since there is no claim that such training was bestowed upon respondent.

But it is said respondent is liable, since he received a thing of value for his money, to wit, the written evidence of the payment of money to appellant, called a scholarship, showing that he was entitled to the benefits of the latter's school, and that he has not effectively rescinded the transaction by returning or offering to return the paper.   True, ordinarily an infant's executed contract is not absolutely void.   It is only voidable.   He cannot repudiate it and successfully invoke judicial remedies to restore him to his former position till he shall have, so far as he reasonably can, made or offered to make restitution.   16 Am. & Eng. Ency. of Law (2d ed.) 295; 1 Parsons, Contracts (9th ed.) 321, 323, and notes. Assuming for the purposes of this case that the alleged contract in question is within that rule, and that upon disaffirming it respondent should have returned or offered to return the evidence that he was entitled to the benefits of appellant's

school before invoking a judicial remedy to recover his money, the record shows that before the action was commenced he demanded a return of his money, then making known his willingness to return the scholarship, so called, and that the attitude of appellant was such as to plainly indicate that it claimed the right and intended to retain the money. That waived any formal tender of the paper. *Potter v. Taggart,* 54 Wis. 395, 11 N. W. 678. In such circumstances, of course, it is necessary that restoration should be made upon the trial as a condition of judgment. *Potter v. Taggart, supra.* That, it appears, was substantially done. The paper was produced upon the trial, delivered into court, and there left, the attitude of respondent and his attorney plainly suggesting that the paper was considered as belonging to appellant. It follows that the judgment appealed from must be affirmed.

*By the Court.*—So ordered.