INTERNATIONAL TEXT BOOK CO. v. CARL W. ALBERTON.

SUIT AGAINST INFANT ON EXPRESS CONTRACT FOR NECESSARIES.

A suit cannot be maintained against an infant on his express contract for necessaries, without an averment and proof that the price to be paid for such necessaries was reasonable.

[Syllabus by the court.]

**D. C. Harrington** and **George Brinkerhoff,** for plaintiff in error.

**H. T. Manner,** for defendant in error:

Cited and commented upon the following authorities: *Turner* v. *Gaither*, 83 N. C. 357 [35 Am. Rep. 574]; *Middlebury College* v. *Chandler*, 16 Vt. 683 [42 Am. Dec. 537]; *Lemmon* v. *Beeman*, 45 Ohio St. 505 [15 N. E. Rep. 476]; *Gregory* v. *Lee*, 64 Conn. 407 [30 Atl. Rep. 53; 25 L. R. A. 618]; *Jones* v. *School of Telegraphy*, 122 Wis. 318 [99 N. W. Rep. 1043]; *Harner* v. *Dipple*, 31 Ohio St. 72 [27 Am. Rep. 496]; 1 Am. Lead. Cas. (5 ed.) 300.

**CRAINE, J.**

In an action brought in the court of common pleas of Richland county, by the plaintiff in error against the defendant in error, a verdict was rendered for the defendant. A motion for a new trial having been made and overruled, judgment was rendered in favor of the defendant; whereupon the plaintiff instituted error proceedings to this court and asks this court to reverse the judgment of the court of common pleas for numerous reasons set forth in its petition in error. Upon an examination of the pleadings and evidence in this case, we are convinced that the verdict and judgment in the court of common pleas was right and that there is one question in this case which is decisive of the case.

The petition of the plaintiff alleges in substance that it entered into a contract with the defendant, whereby the plaintiff was to furnish the defendant with a course of correspondence instructions in the subjects embraced in the electric scholarship, with copyrighted instruction papers, examination papers and drawing plates, prepared for such scholarship; in consideration of which, the defendant agreed to pay the plaintiff the sum of $100 in installments as these matters and things were furnished by the plaintiff to the defendant; that the plain-

Text Book Co. v. Alberton.

tiff has furnished certain parts of the things agreed by it to be furnished and that the defendant has paid for the same; that it is ready and willing to perform the balance of its contract and furnish the things agreed by it to be furnished, but that the defendant has refused to accept the same and has refused to pay any further amount on this contract and that there is due the plaintiff the sum of $68, together with interest, on a part of the contract, viz., for the things not delivered under the contract and which the defendant has refused to accept, for which it asks judgment against the defendant.

To this petition the defendant filed an answer, in which he alleges that at the time of the entering into the contract set forth in the petition, he was a minor. Plaintiff filed a reply to this answer, in which it admits the minority of the defendant at the time of entering into the contract, but avers that the matters and things to be furnished by it to the defendant were necessaries.

On this state of the pleadings, the question arises whether or not the plaintiff can maintain an action. The plaintiff contends that this contract being for necessaries, an action would lie for its breach; whilst on the other hand the defendant claims that the contract was not for necessaries, and furthermore that even if it were for necessaries, the plaintiff cannot recover from an infant upon an express contract. Assuming for the purpose of this case that the contract was for necessaries, the question is, can an infant be sued upon his express contract?

The defendant in support of his contention has cited to us *Jones* v. *School of Telegraphy*, 122 Wis. 318 [99 N. W. Rep. 1043], a part of the syllabus of which reads as follows:

"An infant is bound by implied contract to pay reasonably for necessaries furnished him, but is not liable therefor upon an executory contract to furnish them, nor upon an express contract."

In *Gregory* v. *Lee*, 64 Conn. 407 [30 Atl. Rep. 53; 25 L. R. A. 618], another authority cited by defendant, a part of the syllabus reads as follows:

"The obligation of an infant to pay for necessaries furnished him is one imposed by law rather than one which arises from his contract, as the party furnishing the necessaries can recover only their fair and reasonable value."

These cases, in our opinion, are well considered cases and seem to be founded upon reason and suggest to us the idea that they are sound law. An express contract for necessaries might be a grossly unjust and inequitable one, and to say that an infant must pay the considera-

23 O. C. C. Vol. 30

Richland County.

tion agreed by him to be paid for necessaries, irrespective of the value thereof, would be taking from him the protection the law has thrown around minority. We think that even if the plaintiff sets forth the terms of the express contract in its petition, it would have to go a step further and allege that the sum agreed to be paid, by the plaintiff, was a reasonable one for the things to be furnished by the plaintiff, and upon the trial, it would be incumbent upon the plaintiff to establish this fact by evidence. By doing this the plaintiff would not be recovering upon its express contract, but would be recovering upon an implied contract for the reasonable value of the books and instruments furnished by it. In the case at bar, there is no allegation as to the reasonableness of the contract or its consideration, neither was there any evidence offered tending to establish such reasonableness.

We are further of the opinion that in contracts for necessaries furnished to a minor, a recovery can only be had for the fair value of the executed part of the contract, and that an infant can repudiate the executory part of the contract, at any time, even though such executory part of such contract be for necessaries, and that all the plaintiff can do is to recover the fair and reasonable value of the necessaries actually received by the minor.

In this particular case it affirmatively appears that the father of the defendant is living, and it nowhere is alleged or attempted to be proven that the father is not financially responsible, or that he has not furnished the defendant with all the necessaries suitable to his condition in life.

Revised Statutes 3110 (Lan. 4810) provides:

"The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able."

The father is entitled under the law to all of the wages of the minor son, and in part consideration, at least, it is the duty of the father to support the son; and that means, furnish him with the necessities of life. If a minor, whose father was able and willing to furnish him with the necessaries of life, could enter into express contracts for necessaries and be liable in all cases under such contract, then the money arising from the services of the son might be diverted from the father, to the son's creditors, and the pecuniary relation between the father and the son be materially affected.

The foregoing being our views, we think the judgment below was right and that the only error committed in the court below, was in the court not directing a verdict for the defendant. The judgment

Text Book Co. v. Alberton.

of the court of common pleas will be affirmed at the cost of the plaintiff in error, and this cause remanded to the court of common pleas for execution.

**Taggart** and **Donahue, JJ.,** concur.