### 957.   MAULDIN *v.* SOUTHERN SHORTHAND AND BUSINESS UNIVERSITY.

A minor can not bind himself by an executory contract for necessaries.

Certiorari, from Fulton superior court—Judge Pendleton. January 6, 1908.

Argued February 24,—Decided February 28, 1908.
*Payne, Jones & Jones,* for plaintiff.
*Etheridge & Etheridge,* for defendant.

POWELL, J. Dora Mauldin, of Tunnel Hill, Georgia, a seventeen-year-old girl, an orphan, whose whole estate consisted of about $75, came to Atlanta and, over the objection of her guardian, made a contract with the defendant to take a five-months course in

stenography for $35, which at her request her guardian paid out of her moneys in his hands. Being disappointed in her expectations of being lodged and cared for by relatives while in Atlanta, she, within about five days, notified the president of the business school of her inability to take the course, and requested a return of her tuition; and this he refused. She brought suit; the defendant set up that her contract provided that the tuition should not be refunded except in certain providential contingencies; and that this contract was for necessaries, and therefore binding on her. A jury on the first trial having found in favor of the defendant, the Supreme Court granted a new trial, because it did not affirmatively appear that the tuition in stenography was a necessary thing for her station in life. See *Mauldin* v. *Southern Shorthand University*, 126 *Ga.* 681 (55 S. E. 922). On the second trial there was a verdict for the plaintiff; but on a certiorari containing substantially the general grounds, the judge of the superior court ordered a new trial; and to this the plaintiff brings error.

In our judgment the determination whether the course in shorthand would have been such a necessary thing as to charge the plaintiff with a liability therefor if she had taken it is not in the case. The right to recover from an infant for necessaries does not arise out of the contract between the parties, but from a quasi-contractual relation arising by operation of law. Keener on Quasi Contracts, 20. The quality of justice in the law, not the quality of efficacy in the infant's agreement, is the basis of the right of the person who has furnished the necessaries to hold the infant bound therefor. A corollary to the foregoing principle is the well-recognized rule that an infant may repudiate an executory contract for necessaries. The case of Jones *v.* Valentines' School of Telegraphy, 42 Wis. 318 (99 N. W. 1043), is absolutely identical in every essential fact and feature with the case at bar. The plaintiff there, an infant, paid for a scholarship in a business school, but afterwards, concluding not to enjoy the privilege, demanded a return of the money, which was refused; whereupon he sued for it. The court says: "It is elementary law that an infant is bound by implied contract to pay reasonably for necessaries furnished him. The limitations of the rule are plainly indicated by the statement of it. In order that the infant may be bound, all the circumstances must exist essential to raise a promise by implication of law.

There must have been furnished him property or something of value, being such as to administer to his necessities. That, obviously, excludes the idea of an infant's being liable upon. an executory contract to furnish him necessaries, as has been uniformly held. Gregory *v.* Lee, 64 Conn. 407 (30 Atl. 53, 25 L. R. A. 618). No liability can be created by an infant for necessaries by express contract. His liability therefor is wholly a creation of law. 1 Parsons on Contracts (9th ed.), 314, note 1. In view of the foregoing we need not stop to inquire whether an infant may bind himself by implied contract to pay for educational training of the kind promised by appellant, under the rule above stated, since there is no claim that such training was bestowed upon respondent." In Gregory *v.* Lee, 64 Conn. 407 (30 Atl. 53, 28 L. R. A. 618), the infant, being a student of Yale College, made an engagement to take lodging from the plaintiff for a year. After holding that the infant's liability for necessaries arises by operation of law and not from any contract he may have attempted to make, and that therefore no executory contract is enforceable against him, the court applied the law to the case, deciding that "an infant may disaffirm his contract for the lease of a room suitable to his needs and situation in life, and is not liable for the rent of the room alleged to have accrued after such disaffirmance and after he has ceased to occupy it, although such period was within the period covered by his contract." See also Thomas *v.* Dekle, 11 Vt. 273 (34 Am. D. 690). The case at bar has therefore been contested over the immaterial question whether tuition in shorthand would have been necessary for the girl in her station of life; for the principle of law above stated concludes the proposition that she should not be held bound on the contract in either event.

There is a suggestion in the argument that the plaintiff's right to recover back the money may be defeated on the theory that she did not pay the defendant the money, but that her guardian paid it, making the contract his contract. This position is likewise untenable. It is a well-recognized rule that a minor may recover from whomsoever knowingly received any of his money paid out by his guardian without lawful authority. This question is discussed in the case of *Howard* v. *Cassels,* 105 *Ga.* 412 (31 S. E. 562, 70 Am. St. R. 44). It requires the approval of. the ordinary

to legalize any encroachment upon the corpus of the ward's estate by a guardian for education or maintenance. Civil Code, §2541. No such approval is shown. The verdict in the plaintiff's favor was demanded, and the court erred in sustaining the certiorari.

*Judgment reversed.*