995.  TEASLEY, guardian, *v.* BRENAU ASSOCIATION.

1. In a suit upon a note signed by a guardian, containing a provision that the amount therein promised is to be paid out of the ward's estate in the hands of the guardian, when available, the plaintiff must allege and prove, that the time fixed for the payment of the note has arrived, and that the condition can be complied with. While the note will be construed as an individual undertaking of the maker (regardless of his representative capacity), still the contract is only a conditional promise to pay.

Complaint, from city court of Hartwell—Judge Hodges.  December 17, 1907.

Submitted March 12,—Decided April 20, 1908.

*A. A. McCurry,* for plaintiff in error.  *A. G. & Julian McCurry,* contra.

RUSSELL, J.   The defendant in error brought suit against T. W. Teasley, as guardian of Myrtice Vickery, upon a promissory note which contained a condition that the amount acknowledged to be due was to be paid out of the ward's estate in his hands as guardian, when available.  The note was signed by him as guardian. The third paragraph of the petition alleges that "said T. W. Teasley, as guardian aforesaid, has a considerable estate in his hands as guardian of said Myrtice Vickery, more than sufficient to pay this debt, which is available for that purpose."  The defendant, in his answer, admitted the execution of the note, but denied that the amount was due, alleging that no part of the estate mentioned in the third paragraph of the petition is available, for the reason that "he, as guardian, has paid out four or five hundred dollars more than the interest amounts to in said estate, and that said note states it is to be paid out of her estate in his hands as her guardian when available."  In the fourth paragraph of the answer the defendant denies that the note is due, "as there are no funds available to pay the same, and will not be until April, 1909, when said ward will become of age."  Upon the trial of the case the plaintiff introduced the note in evidence, and closed.   The defendant offered no evidence, and the court directed a verdict for the plaintiff.   Exception is taken to the order overruling the defendant's motion for new trial, which was based upon the general grounds and an additional ground assigning error on the court's directing the verdict.

We think the court erred in directing the verdict. The court would, however, have been authorized to award a nonsuit. The plaintiff failed to make out its case. Having alleged that the guardian had more available funds than were sufficient to pay the debt, this allegation should have been proved, in view of the fact that the note is not an unconditional contract in writing. It appears from the note itself that it was given for a balance on the board and tuition of the ward; and the sum promised, it is stipulated, will "be paid out of her estate in my hands as her guardian when available." It is true, as contended by counsel for the defendant in error, that, inasmuch as the guardian can not borrow money and bind his ward or his ward's property therefor, or create a lien on the ward's property by any contract other than those especially allowed by law, the contract must be considered as the individual undertaking of Teasley. Civil Code, §2555; *Fidelity & Deposit Co.* v. *Rich,* 122 *Ga.* 508 (50 S. E. 338); *Howard* v. *Cassels,* 105 *Ga.* 415, (31 S. E. 562, 70 Am. St. R. 44). But this note, instead of being an absolute, unconditional promise to pay, must be considered either as an ineffectual effort to make a contract, or an undertaking of Teasley, individually, conditioned upon his having in his hands funds of the ward sufficient for that purpose. It is a conditional, instead of an unconditional promise; and this being true, it devolved upon the plaintiff to show that the conditions contemplated by the parties when the agreement was entered into were fulfilled,—that the contingency upon which payment depended had arisen. It is plainly specified in the note that the consideration is for the balance of board and tuition of a ward. While the guardian, as such, could not make an executory contract (*Mauldin* v. *Southern· Business University,* 3 *Ga. App.* 800 (60 S. E. 358)), and as, in the absence of a contract, he was not, presumably, liable individually, he had the right to make, and the creditor had the right to accept, just such a note as might be agreed to between the parties, and as appears to have been agreed to in the present instance. A condition having been inserted in the note, compliance with the contract, and payment, can only be exacted in accordance with this condition.

*Judgment reversed.*