GEORGE H. ENNIS *vs.* RALPH T. BEERS, GUARDIAN (GEORGE H. ENNIS' APPEAL FROM PROBATE).

Third Judicial District, New Haven, June Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Whether a contract by an infant for the services of an attorney at law is to be treated as one for necessaries, *quære.*
Even if it be so regarded, the attorney is not entitled to recover any sum which may be stipulated in the agreement, but is limited to the fair and reasonable value of his services.

Argued June 13th—decided July 31st, 1911.

APPEAL by the plaintiff from an order and decree of the Court of Probate for the district of Bridgeport disallowing a payment of $242 from the estate of his ward, made by him as guardian to himself as attorney, taken to and tried by the Superior Court in Fairfield County, *Burpee, J.;* facts found and judgment rendered confirming the action of the Court of Probate, from which the plaintiff appealed. *No error.*

*John J. Phelan* and *John W. Banks*, for the appellant (plaintiff).

*Stiles Judson*, for the appellee (defendant).

HALL, C. J. On the 31st of March, 1909, the appellant, an attorney at law, was duly appointed guardian of Miss Nellie Shuster, a Russian girl about nineteen years of age. A few days before such appointment the appellant was employed by Miss Shuster to collect damages from the Warner Brothers Company of Bridgeport, for an injury she had sustained while in their employ, and by the terms of his agreement of employment he was to receive for his services one half of such sum as he might recover. About April 14th, 1909, the appellant effected a settlement with the Warner Brothers Company by which he received $500, $250 of which he deposited in a savings-bank for the benefit of Miss Shuster, and retained the remainder. Miss Shuster refused to receive the sum so deposited for her, saying she expected to receive a larger sum, and that the appellant's charges were too large.

August 12th, 1909, the appellant presented his final account as guardian to the Court of Probate, in which account he included a payment to himself of $242.20 for his services as attorney and $7.80 for expenses. February 7th, 1910, the Court of Probate made an or-

der disallowing said item of $242.20, from which order the appellant appealed to the Superior Court.

This case and the case of *Grievance Committee* v. *Ennis*, ante, p. 594, were heard together, both in the Superior Court and in this court, and the facts stated in the latter case were made applicable to this case.

The only alleged ground of appeal to the Superior Court was the disallowance by the Court of Probate of said item of $242.20. What sum, if any, the Court of Probate or the Superior Court deemed a proper allowance for the services rendered does not appear. Apparently the only question sought to be raised by the appeals was whether the appellant, as a matter of law, was entitled to the full amount of the item of $242.20.

Unless by force of the terms of his express contract made with Miss Shuster, when she was a minor, the appellant is entitled to receive the full amount of the stipulated fee, there is no error in the judgment of the Superior Court affirming the decree of the Court of Probate.

If the amount of the fee was not controlled by the contract, the appellant was only entitled to receive fair and reasonable compensation for his services. What sum constituted such fair and reasonable compensation was so far a question of fact that we cannot say that either the Court of Probate or the Superior Court erred in deciding that the services which the appellant rendered were not of the value of $242.20.

Regarding the contract in question in the light most favorable to the appellant, namely, that it was a contract by a minor for necessaries, a point which we do not decide, it did not control the amount which the appellant should receive for his services. Even when an infant agrees to pay a stipulated price for necessaries, he is not bound to pay the price stipulated in the contract, and the person furnishing them can recover only the

fair and reasonable value of such necessaries. *Gregory* v. *Lee*, 64 Conn. 407, 413, 30 Atl. 53; *Barnes* v. *Barnes*, 50 Conn. 572, 574.

The Court of Probate committed no error in holding that the appellant was not entitled to an allowance of the item in question by force of the contract, or as the fair value of the services rendered, and the decree of that court was properly affirmed by the Superior Court.

There is no error.

In this opinion the other judges concurred.