ROBERT L. ZULIANI ET AL. *v.* IRVIN
CHIPPERINI ET AL.
(5785)

BORDEN, SPALLONE and STOUGHTON, Js.

---

[2] The trial court's articulation dated January 9, 1987, recognized the existence of the counteraffidavit.

Submitted on briefs September 28—decision released November 10, 1987

*Thomas G. Moukawsher* filed a brief for the appellants (defendants).

*Frank N. Eppinger* filed a brief for the appellees (plaintiffs).

STOUGHTON, J. This is an appeal from the judgment of the trial court rendered after the acceptance of a report of a committee established pursuant to General Statutes § 47-34.[1] We find error.

---

[1] "[General Statutes] Sec. 47-34. BOUNDS BETWEEN PROPRIETORS REESTABLISHED BY SUPERIOR COURT. When the boundaries of lands between adjoining proprietors have been lost or become uncertain and they cannot agree to establish the boundaries, one or more of them may bring a complaint to the superior court for the judicial district in which the lands or a portion of them are situated. The court may, upon the complaint, order the lost and uncertain bounds to be erected and established and may appoint a committee of not more than three disinterested property owners. The committee shall give notice to all parties interested in the lands to appear before it and, having been sworn, shall inquire into the facts and erect and establish the lost and uncertain bounds and may employ a surveyor to assist therein and shall report the facts and their doings to the court. If the court finds that the parties were duly notified, it may confirm such doings; and certified copies of the report and decree shall be recorded in the records of the town in which the lands are situated, and the bounds, so erected and established, shall be the bounds between the proprietors."

The plaintiffs are the owners of a lot on Phoenix Drive in Groton by virtue of a warranty deed. The defendants are the owners of a lot which is contiguous to the plaintiffs' lot, also by virtue of a warranty deed. The grantor was the same on each of the deeds. A dispute arose as to the ownership of a portion of the land where the two properties adjoin.

The plaintiffs brought this action seeking injunctive relief and damages in the first count. In the second count, the plaintiffs requested that a committee be appointed pursuant to General Statutes § 47-34, and that the court quiet title.

On October 15, 1984, with the initial acquiescence of the defendants, the court appointed a committee to inquire into the facts and to erect and establish uncertain bounds to real estate, and report the facts and their doings to the court. Although the committee had been ordered to report within sixty days, it failed to do so. The trial court extended the time for the committee to file its report over the objection by the defendants that there were no lost or uncertain boundaries. The committee filed its report on September 9, 1985. The plaintiffs filed a motion to confirm the report, and the defendants filed motions to correct and an objection to the acceptance of the report. Thereafter, the defendants filed a motion to revoke the reference to the committee upon the grounds, inter alia, that the pleadings had not been closed and that they intended to claim a jury trial on the issue of title. The court continued the matter for sixty days, and ordered that the pleadings be closed and that the committee act on the motion to correct the report.

Thereafter, the committee filed a supplemental report in which it made no corrections. The defendants filed an answer, a claim for the jury, and an exception to the failure of the committee to correct its report.

In its report, the committee made certain determinations which include both findings of fact and conclusions of law. It found that the plaintiffs acquired their property by deed dated September 9, 1982, and recorded on September 10, 1982, and that the defendants acquired their property by deed dated June 18, 1982, and recorded on April 18, 1983. It further found that substantial ambiguity exists relative to the maps referred to in the deeds, an ambiguity which the committee specifically did not resolve because the deed to the plaintiffs was recorded more than seven months prior to the recording of the deed to the defendants and contained a description and a map reference. The committee also found that the deed to the defendants was recorded substantially after the plaintiffs' deed, and that the defendants were thus on notice and took subject to the conveyance to the plaintiffs. The committee further found that there is a monument on the westerly line of Phoenix Drive at a point south of the southeasterly corner of the plaintiffs' property, and that the parties had offered conflicting testimony as to the distance between the southeasterly corner of the plaintiffs' property and the monument. On the basis of its reasoning that the defendants took with notice of and subject to the conveyance to the plaintiffs, the committee determined that the southeasterly corner of the plaintiffs' lot was 1.94 feet north of the monument as claimed by the plaintiff.

The trial court rendered judgment that the defendants' exception to the supplemental report was without merit, and that the southeasterly corner of the plaintiffs' property commences 1.94 feet north of said monument.

The defendants claim that the court erred in accepting the committee's report and in rendering judgment upon it. We agree.

Under the provisions of General Statutes § 47-34, when the boundaries of lands between adjoining proprietors have been lost or become uncertain and the parties cannot agree to establish the boundaries, one or more of them may bring a complaint and the court may appoint a committee of not more than three disinterested property owners. The function of the committee is to inquire into the facts, and to erect and establish the lost and uncertain bounds, and to report the facts and their doings to the court. The mission of the committee is to erect and establish from the evidence boundary lines which have become lost or have disappeared. The committee does not deal with title. *West Hartford Ecclesiastical Society* v. *First Baptist Church in West Hartford,* 35 Conn. 117, 119–20 (1868). Its whole object is the restoration of lost boundaries. *Mosman* v. *Sanford,* 52 Conn. 23, 31 (1884). Proceedings in accordance with what is now General Statutes § 47-34 have no effect on questions of title. Id.

The committee, by the terms of its own report, made no findings as to the ambiguity concerning the location of the boundary between the parties' lands. Rather, the committee concluded that title to the contested strip rested with the plaintiffs because they recorded their deed first, and that the defendants thus had notice and took subject to the conveyance to the plaintiffs.

As we have noted above, it is not the duty of a committee appointed pursuant to General Statutes § 47-34 to determine the legal effect of one party's having recorded a deed before another. Neither is it its function to ascertain whether one party had constructive notice of a conveyance to another party. In basing the location of the disputed boundary solely on its own conclusions of law, the committee acted beyond the powers delegated to it under § 47-34. Accordingly, the trial court should not have accepted the report and rendered judgment thereon.

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.