[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, the Essex law firm of Lomme Douglas, P.C., has brought this action to recover fees from defendants Raymond Bogdan and Henry M. Aldrich. Plaintiff alleges in its Amended Complaint of August 17, 1995, that Attorney Terrance D. Lomme successfully represented defendants Bogdan and Aldrich in an CT Page 1365-BB action brought in the Superior Court for the Judicial District of New London, and requested payment of $2,437.27 from each defendant. Defendants have paid nothing.
For the reasons stated below, the court finds for plaintiff and orders that judgment enter against each defendant in the amount sought by plaintiff, $2,437.27, plus additional amounts, as indicated below.
FACTS
Trial was held on January 4, 1996. Briefs were subsequently submitted. The witnesses were Attorney Scott W. Jezek; Attorney Terrance D. Lomme; Raymond Bogdan; and Henry M. Aldrich. Based on the testimony of these witnesses, the evidence introduced, and the reasonable inferences drawn from the testimony, the court makes the following findings of fact.
Attorney Lomme, then affiliated with the firm of Bernstein and Lomme, P.C., represented a number of defendants, including Messrs. Bogdan and Aldrich, in the case of O'Reilly v. Bogdan. etal. The case was not unduly complicated, but became more complex because of the nature of the litigants and the issues involved. Attorney Lomme charged all of the defendants a total of $12,186.34, as set out in Plaintiff's Exhibit 1, the only bill submitted to his clients. This included a total of expenses advanced of $411.34. See also Defendants' Exhibit 1.
Attorney Jezek, a defendant in the case, whose wife's sister is married to Attorney Lomme, stated that the amount charged by Attorney Lomme was "fair and reasonable." The services rendered by Attorney Lomme, set out in significant detail in Plaintiff's Exhibit 1, included numerous pretrial proceedings, three days of trial, and post-trial briefs resulting in a favorable outcome for defendants. Attorney Jezek expected to pay 1/5 of the bill, Plaintiff's Exhibit 2, and did pay $1,145.00. He did not expect monthly bills in the case. Attorney Lomme, who had received referrals from Attorney Jezek, forgave the remainder of Attorney Jezek's bill as a professional courtesy. Attorney Jezek, a friend of both defendants, advised Mr. Bogdan and Mr. Aldrich to pay the bill. They both indicated to him that they needed more time to pay.
Attorney Lomme, with fourteen years of experience in practice, testified that he had begun representing defendants in CT Page 1365-CC 1989 in a previous, related matter. With respect to the matter in dispute, Attorney Lomme testified that he met with defendants in his office, discussed his hourly rate of $150.00, and that neither defendant ever objected to his fee. The undersigned judge credits this testimony. Attorney Lomme testified, and the court finds, that he personally attended all depositions and pretrials, as well as successfully litigated the trial, during the approximately 2 1/2 years he represented defendants, from May, 1990, until November, 1992. Both defendants testified at trial that they were satisfied with the job Attorney Lomme performed.
After sending his bill dated February 3, 1993 to defendants, both defendants indicated they wanted a discount. After considering the matter, Attorney Lomme agreed to accept less than the originally requested $2,437.27, which represented a one-fifth share for each defendant. Plaintiff's Exhibits 3 and 4. Despite the offer of a discount, neither defendant has ever made any payment toward the bill. The discount offer was withdrawn when not accepted. On or about August 4, 1993 — 10 months after Attorney Lomme completed rendering services, and 6 months after the bill was sent out — defendant Aldrich for the first time requested an itemized bill. Attorney Lomme told him that he had "purged the file" at the conclusion of the case, discarding documentation; however, Attorney Lomme agreed to show him the file and discuss the services rendered with him. Mr. Aldrich never took advantage of this opportunity. Attorney Lomme testified that he spent "approximately 70 hours" on the case. This testimony was not contradicted at trial. He opined that the bill was fair and reasonable and consistent with the billing rate of other lawyers in his area with similar experience and expertise.
Attorney Lomme provided no periodic bills during the case, and was never asked to do so. Having previously represented both defendants, and in light of the fact they never expressed any concern, he kept records informally. This is the only time Attorney Lomme has ever sued a client for a fee.
Attorney Lomme agreed to a 6 way split (as opposed to a 5 way split); and, alternatively, a 20% discount as an incentive to get defendants to pay their respective bills. Plaintiff's Exhibits 3 and 4. Defendant Aldrich offered to pay $1,500.00 cash but Attorney Lomme refused it. There was no evidence that Attorney Lomme ever agreed to charge either defendant the reduced amount he charged Attorney Jezek. CT Page 1365-DD
Raymond Bogdan testified that he has worked in numerous occupations, including as a real estate broker and a licensed appraiser, and that he owns a small shopping center. He was not aware of any item on the bill which Attorney Lomme had not performed and was "pleased" with the result Attorney Lomme obtained. He received a letter, Plaintiff's Exhibit 4, requesting payment at his "earliest convenience." He had intended to "square away" with Attorney Lomme after selling certain lots, but he never sold the lots and it therefore never became "convenient" for him to pay. During the course of the case, he met extensively with Attorney Lomme, utilizing his knowledge as a licensed appraiser. Mr. Bogdan testified that he felt the bill should be lowered in consideration of his efforts, but he conceded that he had not raised his desire to be compensated with Attorney Lomme during the case. He wanted the bill to be split 7 ways, because, he testified, 7 ownership interests were involved in the case. Mr. Bogdan has asserted no counterclaim or setoff against plaintiff; nor has Mr. Aldrich. Mr. Bodgan never requested an itemized bill.
Henry M. Aldrich testified that he questioned the whole bill because he had not received any documentation and had been provided with no documentary substantiation of the number of hours Attorney Lomme spent on the case. He did not, however, question any individual item, and stated that he believed that Attorney Lomme appeared to have done a good job. He conceded that Attorney Lomme had offered to lower his bill by accepting a 20% discount on a 1/5 share, or payment of a 1/6 share without the 20% discount. Mr. Aldrich wanted a 20% discount on a 1/6 share. He conceded the billing rate was understood to be $150.00 per hour, and did not dispute that Attorney Lomme performed all of the services set out in Plaintiff's Exhibit 1. He never received a detailed breakdown of the bill, which he had requested by letter of August 14, 1993. He never received a demand letter for payment between August 14, 1993 and the institution of suit.
LEGAL DISCUSSION
An attorney is entitled to recover fair and reasonable compensation for his services. Appeal of Ennis, 84 Conn. 610
(1911). The burden is on the plaintiff attorney to prove his case. Presnick v. DeRosa, 12 Conn. App. 553 (1987). What is "reasonable" is a question of fact, and a fee should not be excessive. To recover, an attorney plaintiff must show that he CT Page 1365-EE performed services, and that he has not been paid. 7 Am.Jur.2d, Attorneys at Law, Section 309 (1980). Expert testimony concerning the value of services is admissible but not required, and the court may determine the reasonableness of a fee based on its own knowledge. Appliances, Inc. v. Yost, 186 Conn. 673 (1982). An attorney suing may give his own opinion as to the value of services. Babbitt v. Bumpers, 73 Mich. 331, 4 N.W. 417 (1889).
In this case, there is no dispute that there was an attorney-client relationship; that Attorney Lomme successfully rendered the services claimed; that $150 per hour was agreed upon; and that no payment whatever has been made by either defendant. Indeed, both defendants were pleased with his work and the successful result obtained. While written documentation is not available, Attorney Lomme's testimony was that he performed approximately 70 hours of work on the case and offered to meet with Mr. Aldrich to explain the the bill to him. Attorney Lomme's testimony on this point was uncontradicted and the court accepts it. Neither is there a claim in this case that the bill is inaccurate or inflated. Defendants have produced no evidence to suggest the bill was unreasonable or unfair. Essentially, defendants' argument is that because of the absence of written documentation, they ought to pay less than they were billed.
A desire to pay as little as one's fellow may be a universal human impulse, but it hardly constitutes a legal defense. Nor does an expectation to pay as little as another. Moreover, Attorney Lomme made good faith efforts to resolve these matters by offering defendants a discount. Defendants have rejected these efforts. Attorney Lomme's decision to accept a lesser payment from Attorney Jezek may not be agreeable to defendants, but that decision, which was well within his discretion to make, did not operate in any way to lessen the amounts owed by defendants.
Considering all the credible evidence produced in this case and all reasonable inferences, the court concludes that plaintiff has met its burden of proof. The court concludes, upon consideration of the testimony of Attorneys Lomme and Jezek, that $150.00 per hour — an amount defendants do not contest — was fair and reasonable under all the circumstances. Plaintiff requests the court to assess double costs and double sheriff's fees, in reliance on Connecticut General Statutes Section 52-245. Section 52-245 states as follows:
In any case in which an affidavitCT Page 1365-FF has been filed by the defendant, or a statement that he has a bona fide defense has been made to the court by his attorney, and the plaintiff recovers judgment, if the court is of the opinion that such affidavit was filed or statement made without just cause or for the purpose of delay, it may allow to the plaintiff, at its discretion, double costs, together with a reasonable counsel fee to be taxed by the court. (Emphasis added).
Pursuant to a March 8, 1995 Answer, Mr. Aldrich, then representing himself, disclosed three defenses. Mr. Bogdan failed to file any responsive pleading, but at trial, essentially adopted Mr. Aldrich's arguments in addition to his own. Examination of the file indicates, therefore, that neither defendant filed an affidavit.
Pursuant to a memorandum filed by defendants dated January 19, 1996, defendants argue that judgment should enter only in the amount of $1,450.00. The undersigned judge has considered defendants' arguments and is not persuaded that they have merit. However, neither does the court conclude that any attorney's statement was made solely for the purpose of delay, within the meaning of Section 52-245, inasmuch as counsel has been representing her clients' interests.
The undersigned judge views the failure of both defendants to make any payment whatever to Attorney Lomme, their overall conduct, as well as Attorney Jezek's uncontradicted testimony that defendants stated they needed more time to pay their bills, as indicating that they were motivated to a significant extent by a desire to delay payment. However, upon consideration of the full record, including the written submission of counsel to the defendants, conclude that the precise language of the Section52-245, and its apparent purpose, does not justify double damages in this case.
Accordingly, the court renders judgment against each defendant in the amount of $2,437.27, plus interest and attorney's fees as indicated below, plus costs to be taxed by the clerk.
Notwithstanding the above reading of Section 52-245, having considered the full record, some three years ago, I also conclude that plaintiff should be awarded interest as a consequence of the CT Page 1365-GG wrongful detention of money after it became payable at the statutory rate of 10%, from February 3, 1993, until January 4, 1996, as against each defendant, pursuant to Connecticut General Statutes Section 37-3a, as determined by the clerk. See Patron v.Konover, 35 Conn. App. 504 (1994). Plaintiff is ordered to submit to the clerk an affidavit specifying this amount.
I further conclude that an award of attorney's fees of $350.00 as against defendant Bogdan and $350.00 as against defendant Aldrich is appropriate. Connecticut General Statutes Section 52-192a.
Pursuant to Connecticut General Statutes Section 52-192a, the court has examined the file. Plaintiff filed an Offer of Judgment on December 15, 1995. The complaint was filed on March 20, 1995. The Offer of Judgment offered to take judgment against both defendants in a total amount of $5,450.00, or $2,725.00 each. Including interest which the court is ordering pursuant to Section 37-3a, see Gills v. Gills, 21 Conn. App. 549 (1990), and attorney's fees being awarded pursuant to Section 52-192a, the court concludes that plaintiff will have recovered an amount equal to or greater than the sum certain stated in the Offer of Judgment. Therefore, plaintiff is entitled to recover, as against each defendant, 12% annual interest on said amount computed from the date the complaint was filed (March 20, 1995) until the date of trial (January 4, 1996). Plaintiff is ordered to specify this amount, as well, in the affidavit to be filed with the clerk.
Plaintiff's request for double attorney's fees in the amount of $850.00, pursuant to Section 52-245, is denied in light of the fact that the court is awarding $350.00 in attorney's fees as against each defendant pursuant to Section 52-192a.
DOUGLAS S. LAVINE Judge, Superior Court
Judgment entered in accordance with foregoing Memorandum of Decision.
Felicia Santostefano, Assistant Clerk CT Page 1365-HH