.17487. SHIPPEY *v.* CARPENTER, executrix.

1. The contract sued on is on its face a broker's contract for the sale of land, and the plaintiff having set up a different consideration, it was incumbent upon him to prove the same. *Commercial Bank* v. *Tucker,* 94 *Ga.* 289 (21 S. E. 507).

2. The plaintiff having sought to make such proof by the testimony of a disinterested witness, who claimed to be present at the time the terms of the agreement were entered upon, and who testified that the rebate in commissions on the original sale was to furnish the consideration of the subsequent agreement, and this testimony having been disputed by the defendant to the extent that he denied that the witness was present at the time the agreement was made, or had ever heard any such obligation assumed by him, it was for the jury to say whether the plaintiff had succeeded in establishing the consideration claimed for the contract, and it was error for the court to direct a verdict in favor of the plaintiff.

3. "Where any suit is instituted . . by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . deceased person as to transactions or communications with such . . deceased person." Civil Code (1910), § 5858 (1). The fact that evidence by a disinterested witness may have been adduced for the plaintiff in support of such a transaction would not operate to alter the rule. *Jones* v. *Teasley,* 25 *Ga. App.* 784 (1)

, Brokers, 9 C. J. p. 582, n. 57; p. 644, n. 91; p. 657, n. 57.

Witnesses, 40 Cyc. p. 2303, n. 22; p. 2313, n. 3; p. 2341, n. 21; p. 2577, n. 72 New.

(105 S. E. 46). · Accordingly, the exception taken to the refusal of the judge to allow the defendant to testify as to the transactions or communications with the deceased plaintiff is without merit, but he properly was allowed to impeach the testimony of the plaintiff's witness by denying that such witness was present when the agreement was made.

4. Under the theory of liability under which the suit is maintained by the plaintiff, if the defendant saw proper to extend credit to a purchaser from him for a portion of the purchase price of the premises subsequently sold, or saw proper to sell only a portion of the premises, he would be liable, under his agreement, for the commissions for the portion thus actually sold.

DECIDED OCTOBER 16, 1926.

Complaint; from city court of Atlanta—Judge Reid. May 29, 1926.

*W. W. Tindall, J. K. Jordan,* for plaintiff in error.

*Fuller & Bell,* contra.

JENKINS, P. J. Carpenter instituted a suit, which after his death was maintained by his executrix, on the following contract: "This agreement entered into between J. K. Shippey, State of Ga., County of Fulton, party of the first part, and J. L. Carpenter, State of Georgia, County of Fulton, party of the second part, witnesseth: that J. L. Shippey, party of the first part, and his heirs agrees to pay to J. L. Carpenter, party of the second part, his heirs and assigns, one half of commission at the rate of five per cent. when the following described property, which he now owns, is sold, whether by himself (meaning party of the first part) or his agents, whether sold by the party of the second part or his agents, or whether sold by any one, party of the second part is to receive one half of commission: Land lot No. 30 in the 17th district of Fulton County, Ga., containing two hundred and two and one half acres, more or less, known as Mrs. Margarette E. Stroup property.

"In witness whereof, party of the first part has hereunto set his hand and affixed his seal this 3rd day of January in the year of our Lord nineteen hundred and twelve.

"J. K. Shippey (L. S.)

"Signed, sealed, and delivered in the presence of:

"W. Paul Carpenter, Notary public, Fulton County, Ga."

The petition set forth that the consideration of the contract sued on was that the land described in the petition had been previously sold to Shippey by the previous owner, acting through the plaintiff as a real-estate broker, and that the plaintiff had

agreed to pay and did pay to Shippey as purchaser one half of the commissions accruing to Carpenter as broker on the previous sale, in consideration of his signing the agreement sued on, under the terms of which Carpenter, whenever the property should be resold, was to receive two and one half per cent. of the purchase-price on the resale. The plaintiff executrix, the wife of the original plaintiff, who was the sole beneficiary under his will, introduced as a witness on the trial the decedent's son, who testified to the allegations of the petition, the witness asserting that he was present at the time the contract of sale was effectuated and when the terms of the agreement sued on were formulated and agreed upon. On the trial Shippey testified that this witness was not present when he purchased the land or when he first went out to look at it, and that he never did tell the witness, or any one else in the presence of the witness, that in consideration of the rebate of one half of the commissions he would pay to Carpenter one half of the commissions on any subsequent resale. It was admitted that Carpenter had gone out of business as a real-estate agent before the subsequent sale was effected, and rendered no service in effectuating it. The contention of the defendant is, that, the contract sued on being a mere broker's agreement for the sale of land, under the state of facts just set forth there could be no recovery by the plaintiff thereunder. He offered to testify, but was not permitted to do so, that the first sale was effectuated only by reason of the payment to him by the plaintiff of one half of his commissions, and that the sole consideration of such rebate in commissions consisted in the defendant's original purchase of the property. His testimony to the effect that he did not receive the $250 rebate on the contract sued on was allowed to remain in evidence, but he was not permitted to testify that no consideration had ever been paid in consideration of the contract sued on.

The court directed a verdict in favor of the plaintiff, and overruled the defendant's motion for a new trial.

*Judgment reversed. Stephens and Bell, JJ., concur.*