## 55979. TUGGLE v. ESTATE OF E. E. ROBINSON.

BIRDSONG, Judge.

In February, 1972, the appellant Ms. Tuggle, in accordance with a sales contract, conveyed by warranty deed certain property located in Doraville to E. E. Robinson. On its face, the warranty deed contained no reservations but constituted an unconditional transfer of the property. At the time of closing, a closing statement was prepared and disbursements made in accordance therewith. Ms. Tuggle was given a one-year option to repurchase the property. She simultaneously executed a lease for the rental of the property for a year, thus remaining in possession. At the end of that year, an option for a second year was offered, and the lease, at an increased rental, was also extended for a year. Ms. Tuggle paid a monthly amount equal to the rental until April, 1976. From the date of the transfer, Robinson or his estate paid the property taxes on the property. Additionally, Robinson assumed and made payments on existing liens. From 1974, when the second lease and option expired,

until 1976, Ms. Tuggle was treated as a tenant at will. Mr. Robinson died in July, 1975, and his estate was administered by his grandson, the party acting as plaintiff in this case on behalf of the estate. In April, 1976, Ms. Tuggle refused to pay further rental, maintaining that the warranty deed was in fact a security deed as collateral for a sum of money loaned by E. E. Robinson to her. Due to the nonpayment of rental, the estate petitioned for possession of the premises. Ms. Tuggle answered, denying unconditional transfer of the property, and claiming a right to continued possession. At a jury trial, several witnesses testified as to the nature of the business relationship existing between Ms. Tuggle and the deceased. Witnesses for the estate testified that the money paid by Ms. Tuggle was rent and that there had been an unconditional sale of the property to Robinson in 1972. Witnesses for Ms. Tuggle testified that there was a loan of some amount of money from Robinson to Ms. Tuggle and that the property was pledged as security. The amount of the loan, the interest rate thereon, the term, or the amount of any payments was never established. Ms. Tuggle admitted the contract of sale, the warranty deed, the closing statement, the leases, and the fact that she had made monthly payments for approximately four years. When she attempted to testify as to her own dealings with the decedent, the trial court refused the testimony as constituting evidence of communications or transactions between the deceased and a party to the trial, evidence proscribed by Code Ann. § 38-1603, the so-called "dead man" statute. At the end of the evidence, the trial court directed a verdict on behalf of the appellee estate of E. E. Robinson. Appellant raises two enumerations of error: (1) the exclusion of her testimony concerning her dealings with the deceased as rebuttal to the evidence offered by appellee, and (2) the direction of the verdict for appellee. *Held:*

1. It was not error to refuse the testimony of Ms. Tuggle relating to her conversations and transactions with the deceased. While she was competent to rebut the testimony of appellee's witnesses, this does not extend to evidence of her conversations and dealings with the decedent. *Jones v. Teasley,* 25 Ga. App. 784 (105 SE 46).

See *Shippey v. Carpenter,* 36 Ga. App. 61 (3) (135 SE 220).

2. We also conclude that the trial court did not err in granting a directed verdict for appellee upon motion. Ms. Tuggle admitted that she executed a sales contract, a warranty deed, a closing statement, leases and paid monthly the amount of money stipulated in those leases. These documents were clear, unambiguous and indicated a transfer of property from Ms. Tuggle to Mr. Robinson without condition. The legal effect of the deed and leases was for the court, and parol evidence tending to show that the warranty deed in fact constituted a security deed or mortgage, was properly rejected by the trial court in determining the legal effect of the documents inasmuch as the documents were unambiguous, and no charge of fraud, accident or mistake was made. *Keith v. Catchings,* 64 Ga. 773. There being no competent evidence to rebut the appellee's showing or appellant's admission of the authenticity and effect of the warranty deed, the trial court did not err in directing a verdict in favor of appellee.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED MAY 22, 1978 — DECIDED JULY 14, 1978.

*James W. Garner,* for appellant.
*Cheeley & Chandler, Joseph E. Cheeley, Richard B. Chandler,* for appellee.